IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARCEL FASHIONS GROUP, INC,

 Plaintiff,

v.

LUCKY BRAND DUNGAREES, INC.,
LIZ CLAIBORNE, INC., and
LUCKY BRAND DUNGAREES
STORES, INC.,

 Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND TRADEMARK INFRINGEMENT

Plaintiff, MARCEL FASHIONS GROUP, INC., ("Marcel"), sues LUCKY BRAND DUNGAREES, INC. ("Lucky Brand"), LIZ CLAIBORNE, INC. ("Claiborne"), and LUCKY BRAND DUNGAREES STORES, INC. ("Lucky Brand Stores")(collectively, "Defendants"), by and through its undersigned attorneys, and alleges as follows:

## JURISDICTION AND VENUE

1. This is a Complaint against Defendants for injunctive relief based on continued and willful trademark infringement, arising under the Lanham Act, 15 USC § 1051. *et. seq.*, and 15 USC §1116, and for trademark infringement and calculated damages pursuant to state and federal law and 15 USC §1117.

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 USC § 1121, and 28 USC §§ 1331, 1332, 1338, and 1367. There is diversity of citizenship and the amount in controversy exceeds $75,000.00.

3. Venue is proper under 28 USC §§ 1391 because each of the Defendants either resides or

1

has a principal place of business in this judicial district, and a substantial portion of the events which serve as the basis for the Complaint occur or have occurred here.

4.     The acts of trademark infringement complained of occur in this judicial district.

## THE PARTIES

5.     Plaintiff, Marcel, is a Florida corporation with its principal place of business in this judicial district.

6.     Defendant Lucky Brand, is a Delaware corporation, with its principal place of business in New York City.

7.     Defendant Liz Claiborne is a Delaware corporation with its principal place of business in New York City.

8.     Defendant Lucky Brand Stores is a Florida corporation with a principal place of business at the Aventura Mall and the Sawgrass Mall, each in this judicial district.

## THE TRADEMARK

9.     Defendants Lucky Brand and Liz Claiborne, since 1998, have aggressively pursued Plaintiff, Marcel, and have fought it at every level over the rights to the trademarks GET LUCKY and the Lucky Brand marks.

10.    Defendants filed an opposition proceeding in 1998, the parties settled a lawsuit brought by Plaintiff in 2001, and in 2005, Defendants Lucky Brand and Liz Claiborne filed a civil action in the Southern District of New York.

11.    Defendants Lucky Brand and Liz Claiborne filed Civil Action No: 05-CV-6757, Plaintiff counterclaimed, and after 5 years, the jury entered a verdict, and a judgment was entered on June 1, 2010. A copy of the Judgment is attached as Exhibit A.

12. The jury found that Plaintiff Marcel was not liable for any acts of trademark infringement, while Defendants Lucky Brand and Liz Claiborne were deemed to have committed trademark infringement by virtue of their use of the GET LUCKY trademark, and the Lucky Brand marks were deemed to have infringed Plaintiff's GET LUCKY trademark.

13. Plaintiff is the owner of the trademark GET LUCKY, and is the owner of a US Registration No.: 3890282.

14. Defendants Lucky Brand and Liz Claiborne were deemed to have committed acts of trademark infringement under statutory and common law. Defendants' use of the Lucky Brand marks was found to infringe on Plaintiff's GET LUCKY trademark.

15. Despite the entry of the Final Order and Judgment entered on June 1, 2010, Defendants have continued to willfully, and with full knowledge of Plaintiff's rights, infringe Plaintiff's GET LUCKY mark by using the Lucky Brand marks in the identical manner and form and on the same goods for which they were found liable for infringement.

16. Despite having been found liable for infringement, and having been required to pay punitive damages, Defendants continue to this day to use the Lucky Brand marks in an infringing manner and have failed to cease and desist from their infringing use.

17. Defendants sales, upon information and belief, exceed $400,000,000 per year, and Defendants have made substantial profits using the Lucky Brand trademarks in violation of Plaintiff's rights.

18. The Final Order and Judgment contains a finding that Plaintiff Marcel was the first user of the GET LUCKY trademark, that its use has been continuous since 1985, that its use has not been abandoned, that the mark is inherently distinctive, and that Plaintiff had a registered mark

prior to Defendants ever adopting its Lucky Brand marks, and that Plaintiff used the GET LUCKY mark prior to Defendants ever adopting their Lucky Brand marks. (Exhibit A).

19. The Court found that Defendants infringed Plaintiff Marcel's GET LUCKY trademark pursuant to Plaintiff Marcel's reverse confusion claim, its federal unfair competition claim, and its common law trademark infringement claim by using GET LUCKY, the LUCKY BRAND trademarks, and any other trademarks including the word "Lucky" after 2003. (Exhibit A, ¶5).

20. Despite the entry of the Final Order and Judgment, Defendants have continued its uninterrupted and willful use of the Lucky Brand marks and any other trademarks including the word "Lucky."

21. Defendants have over 177 stores, use the marks in its catalog sales on-line, advertise extensively through magazines and other medium, and have so continued to saturate the market with its Lucky Brand marks that Plaintiff has lost the ability to control the goodwill of its own GET LUCKY mark.

22. Plaintiff Marcel has been unable to expand its business through appropriate licensees, and Plaintiff Marcel is continued to be perceived as the junior user who is "knocking off" Defendants.

23. Plaintiff Marcel was awarded a verdict and damages that vindicated Plaintiff Marcel as the senior user of the LUCKY marks and after 12 years of near constant litigation and harassment, Plaintiff Marcel is the senior user of the LUCKY marks.

24. Upon information and belief, Defendants have made substantial sales since June 1, 2010, and have reaped a profit based on their use of the infringing Lucky Brand marks and any other trademark including the word "Lucky."

25. Since June 1, 2010, Defendants use of the Lucky Brand marks and any other marks

including the word "Lucky" has been with actual knowledge of the entry of the Final Order and Judgment, and said use has been willful and with total disregard of Plaintiff Marcel's senior rights in the marks.

26.     Defendants have made no effort to transition from the use of the Lucky Brand marks and any other mark including the word "Lucky," to a new mark that is not infringing.

27.     Defendants have defied their obligation to cease any further use of an infringing trademark, and continue to this day to infringe Plaintiff Marcel's GET LUCKY trademark by using the Lucky Brand marks and any mark including the word "Lucky."

28.     Upon information and belief, Defendants will not cease its infringing use of the Lucky Brand trademarks and any other mark including the word "Lucky" without this Court enjoining Defendants from doing so.

29.     Defendants are liable to Plaintiff Marcel for their profits resulting from their sales of clothing and other products contained in the description of the goods and services of the trademark registrations owned by Defendants and cited in the Final Order and Judgment. These Lucky Brand marks and the goods referenced in the registrations continue to be used by Defendants on the very identical goods that were being sold at the time of the entry of the Final Order and Judgment.

30.     Defendants have and continue to use the Lucky Brand trademarks and any mark including the word "Lucky" without permission or approval from Plaintiff Marcel.

31.     All conditions precedent to Plaintiff, Marcel's claims have been satisfied and/or waived.

32.     Plaintiff, Marcel has engaged the services of the undersigned counsel to represent it in this action and is obligated to pay its attorney's a reasonable fee.

## COUNT I-INJUNCTIVE RELIEF

33. Plaintiff, Marcel realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

34. This is an action for injunctive relief based on continued trademark infringement/false designation of origin under 15 USC §§1114, 1116 and 1125, and Defendants are causing a likelihood of confusion, and reverse confusion, and common law trademark infringement.

35. Defendants, without the consent of Plaintiff, Marcel, are using the "Lucky Brand" trademarks and other marks including the word "Lucky" in connection with the sale, offer for sale, distribution, and advertisement of clothing, amongst other things.

36. Defendants use of the "Lucky Brand" trademarks and other marks including the word "Lucky" is causing irreparable harm as Plaintiff is not able to control the goodwill associated with its GET LUCKY trademark.

37. Plaintiff has no adequate remedy at law.

38. The harm caused to Plaintiff far outweighs the harm to Defendants as Defendants are not entitled to benefit from trademark infringement under the law, and any harm derived is of their own doing.

39. This matter has already been determined by the Southern District of New York, and the public interest in best served in protecting the established right of Plaintiff as the judicially determined senior user and owner of the GET LUCKY trademark.

40. Plaintiff is not only likely to succeed on the merits, but has proved such success by virtue of a full trial on the merits and entry of a Final Order and Judgment declaring Plaintiff Marcel the owner of the GET LUCKY trademark and deeming Defendants infringers for their use of the "Lucky Brand" trademarks and any mark including the word "Lucky." (Exhibit A).

## COUNT II-REVERSE CONFUSION/TRADEMARK INFRINGEMENT

41. Plaintiff, Marcel reallege and incorporates paragraphs 1 through 32 as if fully set forth herein.

42. This is an action for reverse confusion/trademark infringement/false designation of origin under 15 USC §§1114 and 1125, and Defendants are causing a likelihood of confusion, reverse confusion, and common law trademark infringement.

43. Defendants, without the consent of Plaintiff, are using the "Lucky Brand" trademarks and any other mark including the word "Lucky."

44. Defendants have sold clothing under the marks and continue to do so with willful disregard for the rights of Plaintiff, and after having Plaintiff's rights determined after a trial and entry of a Final Order and Judgment and a finding that Defendants acts constitute reverse confusion.

45. Plaintiff has no adequate remedy at law.

## COUNT III-FEDERAL UNFAIR COMPETITION

46. Plaintiff, Marcel reallege and incorporates paragraphs 1-32 as though set forth in full herein.

47. Pursuant to 15 USC §1125(a), Defendants acts constitute unfair competition and false designation of origin.

48. Under Section 43(a) of the Lanham Act, Defendants use of the "Lucky Brand" trademarks and other marks including the word "Lucky," in the sale or offering for sale, and advertising of clothing, constitutes unfair competition and false designation of origin by causing a likelihood of confusion as to the source and sponsorship of Defendants' goods and services.

7

49.  Defendants' use of the "Lucky Brand" trademarks in connection with the sale, offering for sale, distribution, and advertisement of clothing are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, as to the origin, sponsorship or approval of their goods by Plaintiff.

50.  Defendants' use of the "Lucky Brand" trademarks and other marks including the word "Lucky" as described herein, is causing and will continue to cause damage to Plaintiff, including, but without limitation, irreparable harm for which there is no adequate remedy at law.

## COUNT IV-COMMON LAW TRADEMARK INFRINGEMENT

51.  Plaintiff, Marcel realleges and incorporates paragraphs 1 through 32 as though fully set forth in full herein.

52.  Defendants' conduct described herein constitutes common law trademark infringement under 15 USC §1125(a) unfair competition under Florida law and Fla.Stat. §495.151.

53.  Defendants' conduct is willful and intentional, and has caused and is continuing to cause irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Marcel prays that the Court award the following relief:

A.  Temporary and/or permanent injunctive relief by enjoining Defendants, their officers, employees, and agents, and all persons or entities in active concert with them, from using, displaying, advertising, or selling their goods under, or from otherwise doing business under the "Lucky Brand" trademarks and any other mark including the word "Lucky" and any confusingly similar alternative or variation thereof;

B.  Order Defendants to terminate and cancel all domain names that contain the "Lucky Brand" marks and any other mark including the word "Lucky;"

C.     Order the forfeiture, and/or destruction of any clothing, printed materials, store signage, advertisements, web sites, or any other items or materials containing any variation of the "Lucky Brand" marks and any mark including the word "Lucky;"

D.     Order that Defendants pay monetary relief under 15 USC §§1117 and 1125, and treble any damages awarded as a result of Defendants willful and intentional acts;

E.     Find that this is an exceptional case, and award damages in conformance with 15 USC §§1117 and  1125;

F.     Such other relief as may be warranted by this Court as just and proper.

                Alcoba & Associates, PA


            By:   s/Louis R. Gigliotti
              Louis R. Gigliotti, Esq.
              Florida Bar No.: 71935
            By:  s/Ruben Alcoba
              Ruben  Y. Alcoba, Esq.
              Florida bar no.: 169160
              3399 NW 72nd Avenue
              Miami, FL 33122
              Tel: (305) 362-8118
              Fax: (305  436-7429
              Cell: (954) 471-4392
              Email: lgigliotti@bellsouth.net
              alcoba@miamipatents.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01 JUN 2010
```

LUCKY BRAND DUNGAREES, INC.,
LIZ CLAIBORNE, INC.,

                  Plaintiffs,

vs.

ALLY APPAREL RESOURCES LLC d/b/a
GET LUCKY, KEY APPAREL
RESOURCES, LTD., MARCEL FASHION
GROUP, INC., and EZRA MIZRACHI,

                  Defendants.

Civil Action No. 05-CV-6757 (LTS)(MHD)

**FINAL ORDER AND JUDGMENT**

WHEREAS, Plaintiffs Lucky Brand Dungarees, Inc. and Liz Claiborne Inc. (collectively "Lucky Brand Parties") commenced this Action against defendants Ally Apparel Resources LLC D/B/A Get Lucky ("Ally"), Key Apparel Resources, Ltd., Marcel Fashion Group, Inc. ("Marcel Fashion") and Ezra Mizrachi on or about July 27, 2005 (the "Complaint") alleging that Ally's Get Lucky line of jeanswear and sportswear products, licensed from Marcel Fashion, infringed Lucky Brand's family of Lucky-related trademarks and asserting the following claims: First Claim - Federal Trademark Infringement under 15 U.S.C. § 1114; Second Claim - Federal Unfair Competition under 15 U.S.C. § 1125(a); Third Claim - Federal Trademark Dilution under 15 U.S.C. § 1125 (c); Fourth Claim - Dilution under New York General Business Law § 360(1); Fifth Claim - Violation of New York General Business Law § 349; Sixth Claim - Common Law Trademark Infringement; Seventh Claim - Common Law Unfair Competition. Lucky Brand also sought a preliminary injunction, which was denied on August 23, 2005.

Dallas 301059v5