UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCEL FASHIONS GROUP, INC.,<br><br>                                 Plaintiff,<br><br>               v.<br><br>LUCKY BRAND DUNGAREES, INC., LIZ CLAIBORNE, INC., and LUCKY BRAND DUNGAREES STORES, INC.,<br><br>                                 Defendants. | 11 Civ. 5523 (LTS)<br><br>**ECF CASE**<br><br>**DECLARATION OF<br>DARREN W. JOHNSON** |

Darren W. Johnson declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am counsel with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), representing defendants Lucky Brand Dungarees, Inc., Liz Claiborne, Inc., and Lucky Brand Dungarees Stores, Inc. (collectively, "Lucky Brand"), and I am admitted to practice before this Court. I make this declaration in support of Lucky Brand's motion for summary judgment and Lucky Brand's opposition to plaintiff's motion for leave to amend the complaint. The statements herein are based on personal knowledge and a review of the files and records in this action and in prior litigation between the parties.

**Marcel's Proposed Amended Complaint**

2. The above-captioned action was reassigned to this Court on September 14, 2011. That same day, this Court issued an Initial Conference Order, directing the parties to draft a Joint Pre-Conference Statement. The parties' Joint Pre-Conference Statement, filed on October 5, 2011, indicated that Lucky Brand intended to move for summary judgment, and suggested the following briefing schedule:

- Lucky Brand's opening brief to be filed on or before December 9, 2011.

- Marcel's opposition to be filed on or before January 20, 2012.
- Lucky Brand's reply to be filed on or before February 10, 2012.

At the Initial Pre-Trial Conference held on October 12, 2011, the Court approved the parties' briefing schedule as set out in the Pre-Conference Statement. Nowhere in the Pre-Conference Statement, and at no time during the court conference, did Marcel ever suggest that it intended to amend its complaint.

3. Only ten days before Lucky Brand was scheduled to file its motion for summary judgment, on November 29, 2011, Reeves Carter, counsel for Marcel Fashions Group, Inc. ("Marcel"), notified me that Marcel intended to amend its complaint and promised to provide Lucky Brand with a copy of the proposed amended complaint no later than December 5, 2011. Marcel did not provide a copy of the proposed amended complaint on December 5, 2011, as promised.

4. Rather, on December 5, 2011, Marcel wrote a letter to the Court notifying it of its intent to seek leave to amend its complaint, and requesting an adjournment of the summary judgment briefing schedule. In its letter, Marcel also promised to send a copy of the proposed amended complaint to Lucky Brand by no later than December 9, the date that Lucky Brand was due to file its summary judgment motion according to the approved schedule. Marcel did not provide a copy of the proposed amended complaint on December 9, 2011, as promised.

5. Marcel finally sent Lucky Brand the promised copy of the proposed amended complaint on December 14, 2011, five days later than Marcel represented to the Court, and nine days later than it originally represented to Lucky Brand.

6. When Marcel first provided Lucky Brand with a copy of its proposed amended complaint on December 14, 2011, the first numbered paragraph of the proposed

2

amendment alleged that Lucky Brand "continu[ed] to use <u>both</u> the GET LUCKY trademark, as well as derivatives, variations and colorable imitations thereof." (*See* Exh. 26 (Dec. 14, 2011 Draft [Proposed] First Am. Compl.) ¶ 1 (emphasis added).) After corresponding with Marcel's counsel regarding the good-faith basis under Rule 11 for such an allegation, Marcel changed the wording of the first numbered paragraph to eliminate any reference to Lucky Brand's continued use of the "Get Lucky" trademark. Marcel filed its motion for leave to amend the complaint, attaching this revised draft of the proposed amended complaint, on December 23, 2011.

**Marcel's "Get Lucky" Trademark**

7. Despite our best efforts, we have not been able to find any reliable information concerning the nature and extent of Marcel's business or its "Get Lucky" brand. The website for the "Get Lucky" brand (www.getluckyjeans.com) does not appear to have been updated in many years. And although the website purports to identify retail outlets that sell "Get Lucky" products, in fact none sells any such goods.

8. In particular, the website identifies eight retail stores that purportedly sell "Get Lucky" clothing: (1) Dr. Jays (NYC), (2) Trends (Atlanta), (3) Glik's (Midwest), (4) V.I.M. (NYC), (5) World of Denim (Orlando), (6) Belk's Department Stores (Southeast), (7) Bealls Department Stores (Florida), and (8) Peebles (Virginia).

9. I directed Michael Feldman, a law clerk with Paul, Weiss, to call each of these stores to determine if any, in fact, sold clothing under the "Get Lucky" mark. Mr. Feldman called Dr. Jays stores in Manhattan, Brooklyn, Queens and the Bronx. None sell "Get Lucky" clothing. Mr. Feldman was unable to find any stores named "Trends" in Atlanta, but he called both Trends Menswear and Citi Trends. Neither sells "Get Lucky" clothing. Mr. Feldman called Glik's stores in Indiana, Minnesota and Wisconsin. None sell "Get Lucky" clothing. Mr.

3

Feldman called V.I.M. stores in Manhattan, Brooklyn, Queens, the Bronx and Far Rockaway. None sell "Get Lucky" clothing. Mr. Feldman looked for World of Denim in Orlando, but it appears to have gone out of business. Mr. Feldman called Belk's Department Stores in Florida, Georgia and Alabama. None sell "Get Lucky" clothing. Mr. Feldman called Bealls Department Stores in Tallahassee, Jacksonville and Miami. None sell "Get Lucky" clothing. Mr. Feldman called the corporate offices of Peebles, which is owned by the same parent company as Bealls. They confirmed that none of their stores sell "Get Lucky" clothing.

10. Furthermore, there does not appear to be any reference to any "Get Lucky" products being available for sale anywhere else.

11. Indeed, on January 12, 2012, I conducted a search on Google.com for "Get Lucky." I looked through the top 100 search results and found that not a single one of those results had anything to do with Marcel's "Get Lucky" brand.

**The Lucky Brand Trademarks**

12. The Lucky Brand registered trademarks include, but are not limited to, the following marks:

| Mark | Registration No. | Registration Date | Incontestable? |
|---|---|---|---|
| LUCKY | 3,417,110 | Apr. 29, 2008 | |
| LUCKY and Yin Yang Design | 3,517,270 | Oct. 14, 2008 | |
| LUCKY BRAND | 3,407,935 | Apr. 8, 2008 | |
| LUCKY BRAND | 2,756,608 | Aug. 26, 2003 | Yes |
| LUCKY BRAND | 2,795,162 | Dec. 16, 2003 | |
| LUCKY BRAND | 2,725,491 | June 10, 2003 | Yes |
| LUCKY BRAND | 3,104,220 | June 13, 2006 | |
| LUCKY BRAND | 3,981,713 | June 21, 2011 | |
| LUCKY BRAND | 1,646,123 | May 28, 1991 | Yes |
| LUCKY BRAND | 2,572,426 | May 28, 2002 | Yes |
| LUCKY BRAND | 2,655,004 | Nov. 26, 2002 | Yes |
| LUCKY BRAND | 3,699,407 | Oct. 20, 2009 | |
| LUCKY BRAND | 3,506,278 | Sept. 23, 2008 | |

4

| Mark | Registration No. | Registration Date | Incontestable? |
|---|---|---|---|
| LUCKY BRAND BLUE JEANS | 2,703,123 | Apr. 1, 2003 | Yes |
| LUCKY BRAND DUNGAREES | 2,686,829 | Feb. 11, 2003 | Yes |
| LUCKY BRAND DUNGAREES and Clover Design | 3,107,591 | June 20, 2006 | |
| LUCKY BRAND DUNGAREES OF AMERICA TOO TOUGH TO DIE and Design | 2,158,107 | May 19, 1998 | Yes |
| LUCKY BRAND FOUNDATION and Design | 2,271,432 | Aug. 24, 1999 | Yes |
| LUCKY BRAND JEANS | 3,041,039 | Jan. 10, 2006 | Yes |
| LUCKY GIRLS | 3,378,468 | Feb. 5, 2008 | |
| LUCKY HOUND | 3,379,267 | Feb. 5, 2008 | |
| LUCKY KID | 3,387,018 | Feb. 19, 2008 | |
| LUCKY KID | 3,500,183 | Sept. 9, 2008 | |
| LUCKY LEGEND | 3,775,279 | Apr. 13, 2010 | |
| LUCKY ME | 2,469,997 | July 17, 2001 | |
| LUCKY NUMBER 6 and Design | 3,265,128 | July 17, 2007 | |
| LUCKY SILVER | 3,662,935 | Aug. 4, 2009 | |
| LUCKY YOU | 1,739,962 | Dec. 15, 1992 | Yes |
| LUCKY YOU | 2,306,342 | Jan. 4, 2000 | Yes |
| LUCKY YOU and Fly Label Design | 1,886,118 | Mar. 28, 1995 | Yes |
| LUCKY YOU LUCKY BRAND | 2,583,368 | June 18, 2002 | Yes |
| LUCKY YOU LUCKY BRAND and Design | 2,724,936 | June 10, 2003 | Yes |
| Pocket Lining Design | 2,129,881 | Jan. 20, 1998 | Yes |
| Zipper Clover Design | 2,113,726 | Nov. 18, 1997 | Yes |
| Clover Design | 2,400,358 | Oct. 31, 2000 | Yes |
| Inside Fly Label Design | 2,050,091 | Apr. 8, 1997 | Yes |

13. The proposed amended complaint, as filed with the court on December 23, 2011, alleges that Lucky Brand registered certain of these trademarks fraudulently because Lucky Brand was "well aware of Plaintiff's superior and exclusive rights to and interests in

Plaintiff's GET LUCKY Mark . . ." at the time Lucky Brand filed its registrations. The proposed amended complaint enumerates the following marks as those alleged to be fraudulently registered:

| Mark | Registration No. | Registration Date | Live/ Canceled | Canceled Date |
|---|---|---|---|---|
| LUCKY BRAND | 1,646,123 | May 28, 1991 | Live | |
| LUCKY BRAND | 2,330,052 | Mar. 14, 2000 | Canceled | Oct. 15, 2010 |
| ❖ LUCKY ❖ | 2,381,638 | Aug. 29, 2000 | Canceled | Apr. 1, 2011 |
| WEAR US BE LUCKY | 2,383,437 | Sept. 5, 2000 | Canceled | Apr. 8, 2011 |
| LUCKY YOU | 2,306,342 | Jan. 4, 2000 | Live | |
| LUCKY BRAND DUNGAREES | 3,107,591 | June 20, 2006 | Live | |
| Lucky Brand DUNGAREES AMERICA | 2,158,107 | May 19, 1998 | Live | |
| LUCKY ME | 2,469,997 | Jul. 17, 2001 | Live | |
| LUCKY YOU | 1,739,962 | Dec. 15, 1992 | Live | |

6

| Mark | Registration No. | Registration Date | Live/Canceled | Canceled Date |
|---|---|---|---|---|
| (four-leaf clover logo) | 2,400,358 | Oct. 31, 2000 | Live | |
| (pocket with clovers design) | 2,129,881 | Jan. 20, 1998 | Live | |
| LUCKY BRAND DUNGAREES | 2,686,829 | Feb. 11, 2003 | Live | |

Not a single one of these Lucky Brand trademarks includes the words "Get Lucky." And each and every one of these Lucky Brand trademarks was registered before this Court made a final ruling on the scope of the parties' rights in its Final Order and Judgment in the 2005 Action, entered on June 1, 2010. Furthermore, three of these marks have already been canceled. Finally, 10 out of the 12 marks were registered while Marcel did not have an active trademark registration for GET LUCKY—between November 4, 1992, when the U.S. Patent and Trademark Office ("USPTO") first canceled Marcel's GET LUCKY trademark, and September 23, 2003, when the USPTO first re-registered Marcel's mark.

**The Exhibits Attached Hereto**

    14. Attached hereto are true and correct copies of the following exhibits:

Exhibit 1. U.S. trademark registration certificates for Marcel's registered trademarks and the TARR status from the USPTO for each: Reg. No. (1,377,345) (1986), Reg. No. (2,765,974) (2003), Reg. No. (3,890,282) (2010), Serial. No. (78259867).

Exhibit 2. U.S. trademark registration certificates for various of Lucky Brand's registered trademarks and the TARR status from the USPTO for any of these marks which are incontestable: Reg. No. (3,417,110) (2008), Reg.

No. (3,517,270) (2008), Reg. No. (3,407,935) (2008), Reg. No. (2,756,608) (2003), Reg. No. (2,795,162) (2003), Reg. No. (2,725,491) (2003), Reg. No. (3,104,220) (2006), Reg. No. (3,981,713) (2011), Reg. No. (1,646,123) (1991), Reg. No. (2,572,426) (2002), Reg. No. (2,655,004) (2002), Reg. No. (3,699,407) (2009), Reg. No. (3,506,278) (2008), Reg. No. (3,703,123) (2003), Reg. No. (2,686,829) (2003), Reg. No. (3,107,591) (2006), Reg. No. (2,158,107) (1998), Reg. No. (2,271,432) (1999), Reg. No. (3,041,039) (2006), Reg. No. (3,378,468) (2008), Reg. No. (3,379,267) (2008), Reg. No. (3,387,018) (2008), Reg. No. (3,500,183) (2008), Reg. No. (3,775,279) (2010), Reg. No. (2,469,997) (2001), Reg. No. (3,265,128) (2007), Reg. No. (3,662,935) (2009), Reg. No. (1,739,962) (1992), Reg. No. (2,306,342) (2000), Reg. No. (1,886,118) (1995), Reg. No. (2,583,368) (2002), Reg. No. (2,724,936) (2003), Reg. No. (2,129,881) (1998), Reg. No. (2,113,726) (1997), Reg. No. (2,400,358) (2000), Reg. No. (2,050,091) (1997).

Exhibit 3. Complaint in the action captioned *Marcel Fashion Group, Inc. v. Lucky Brand Dungarees, Inc., and Federated Department Stores, Inc.*, Case No. 01-7495-Civ-Dimitrouleas (S.D. Fla.) (the "2001 Action"), dated September 20, 2001.

Exhibit 4. Order Denying Preliminary Injunction in the 2001 Action, dated February 13, 2002.

Exhibit 5. Pre-Trial Stipulation in the 2001 Action, dated April 21, 2003.

Exhibit 6. Release and Settlement Agreement in the 2001 Action, executed May 20, 2003.

Exhibit 7. Complaint in the action captioned *Lucky Brand Dungarees, Inc., Liz Claiborne, Inc. v. Ally Apparel Resources, LLC d/b/a Get Lucky, Key Apparel Resources, Ltd., Marcel Fashion Group, Inc. and Ezra Mizrachi*, Civil Action No. 05-CV-6757 (LTS)(MHD) (S.D.N.Y.) (the "2005 Action"), dated July 27, 2005.

Exhibit 8. Answer and Counterclaims in the 2005 Action, dated September 15, 2005.

Exhibit 9. Order Granting Partial Summary Judgment and Injunction in the 2005 Action, dated April 22, 2009.

Exhibit 10. Second Amended Joint Pre-Trial Statement in the 2005 Action, dated May 11, 2009.

Exhibit 11. Excerpts from the 2005 Action Trial Transcript, dated April 22, 2010.

Exhibit 12. Jury Verdict Form in the 2005 Action, dated April 22, 2010.

Exhibit 13. A May 13, 2010 email exchange between Ryan Levy of Waddy & Patterson, P.C., counsel for Lucky Brand in the 2005 Action, and Ann Schofield Baker of McKool Smith, P.C., counsel for Marcel in the 2005 Action, and the attached draft of the Final Order and Judgment.

Exhibit 14. A May 13, 2010 email from Katherine Thornburgh of McKool Smith, P.C., counsel for Marcel in the 2005 Action, to the Orders and Judgments Clerk of the Southern District of New York, and the attached draft of the Final Order and Judgment.

Exhibit 15. Final Order and Judgment in the 2005 Action, signed on May 28, 2010, and entered on June 1, 2010.

Exhibit 16. Complaint in the current action captioned *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., Liz Claiborne, Inc., and Lucky Brand Dungarees Stores, Inc.*, Civil Action No. 11-CV5523 (LTS) (S.D.N.Y.) (the "Current Action"), dated April 29, 2011.

Exhibit 17. Marcel's Motion for Permanent Injunction in the Current Action, dated May 4, 2011.

Exhibit 18. Declaration of John F. Triggs, executed May 17, 2011, and filed on May 27, 2011.

Exhibit 19. Lucky Brand's Motion to Transfer Venue and Incorporated Memorandum of Law in Support in the Current Action, dated May 27, 2011.

Exhibit 20. Marcel's Response to Lucky Brand's Motion to Transfer Venue in the Current Action, dated June 6, 2011.

Exhibit 21. Answer in the Current Action, dated June 28, 2011.

Exhibit 22. Magistrate Judge Robin Rosenbaum's Report and Recommendation regarding Lucky Brand's Motion to Transfer Venue in the Current Action, dated July 19, 2011.

Exhibit 23. Order of Judge William Zloch Transferring the Current Action to the United States District Court for the Southern District of New York, dated August 8, 2011.

Exhibit 24. Joint Pre-Conference Statement in the Current Action, dated October 5, 2011.

Exhibit 25. Marcel's Letter to the Court in the Current Action notifying the Court of Marcel's intent to seek leave to amend the complaint and requesting an adjournment of the summary judgment briefing schedule, dated December 5, 2011.

Exhibit 26. Draft [Proposed] First Amended Complaint sent to Darren Johnson of Paul, Weiss, counsel for Lucky Brand, on December 14, 2011.

Exhibit 27. Marcel's Memorandum of Law In Support of Plaintiff's Motion for Leave to Amend Its Complaint, dated December 23, 2011.

Exhibit 28. Marcel's [Proposed] First Amended Complaint, as filed with the Court, dated December 23, 2011.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 23, 2012 in New York, New York.

_____
Darren W. Johnson