# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO

MARCEL FASHION GROUP INC,
a Florida corporation

   Plaintiff,

v

LUCKY BRAND DUNGAREES, INC
A Delaware corporation, and
FEDERATED DEPARTMENT STORES INC
A Delaware corporation,

   Defendants

_____/

**01-7495**

**CIV - DIMITROULEAS**

MAGISTRATE JUDGE
JOHNSON



## COMPLAINT

  Plaintiff, Marcel Fashion Group, Inc , by and through their undersigned attorney, sues Defendant, Lucky Brand Dungarees, Inc and Federated Department Stores, Inc , and alleges

### JURISDICTION AND VENUE

  1 This is an action for injunctive and other relief under the Federal Trademark Act, 15 U S C § 1051, et seq ( Lanham Act ), particularly 15 U S C §1125 for trademark infringement, reverse confusion, false designation of origin, false description or representation and related unfair competition  Plaintiff also asserts claims under the common law for trademark infringement, and unfair competition

  2 This Court has jurisdiction over this action pursuant to 28 U S C §§ 1331, 1338(a), and 1338(b)



)1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Pag

3     Venue is proper under 28 U S C §§ 1391(b) and 1391(c) in that, upon information and belief, the wrongful acts committed by Defendants occurred in and are causing injury in the Southern District of Florida

### THE PARTIES

4     Plaintiff, Marcel Fashion Group, is a corporation duly organized under the laws of the State of Florida ("Marcel") with its principal place of business in Miami-Dade County, State of Florida

5     Defendant, Lucky Brand Dungarees, Inc ("Lucky Brand"), is a corporation duly organized under the laws of the State of Delaware with its principal place of business in the State of California, is actively doing business in the Southern District of Florida, and is otherwise sui juris

6     Defendant, Federated Department Stores Inc ("Federated") is a corporation duly organized under the laws of the State of Delaware is actively doing business in the Southern District of Florida, specifically, through Bloomingdales, and is otherwise sui juris

### PLAINTIFF'S TRADEMARK

7     Plaintiff is maker of clothing namely mens and women's jeans and t-shirts baby clothes, namely t-shirts, short sets comprised of tops and shorts pant sets comprised of tops and pants, and rompers

8     Plaintiff has, since at least as early as 1985 and long prior to the acts of Defendants complained of herein, adopted and used in commerce the inherently distinctive designation and trademark "GET LUCKY" ("the mark or trademark") on its goods since at least as early as 1985

)1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Pag

and is the owner of the trademark under statutory and common law rights, due to the nationwide sales of Plaintiff's goods under the "GET LUCKY" trademark

9. Such use has been continuous since at least as early as 1985 and Plaintiff's use has been nationwide, including, but not limited to, the states of California, Georgia, Texas, New York, Nevada, and Florida

10. In or around April, 1998, Plaintiff filed a trademark application with the United States Trademark Office seeking registration of the "GET LUCKY" mark which it had used since at least as early as 1985 on its goods

11. Plaintiff's application was assigned Serial Number 75/466,537, and was published for opposition in the Official Gazette on January 25, 2000

12. Defendant Lucky Brand filed a formal opposition in the United States Patent and Trademark Office which is the subject of Opposition No. 118,603

13. Plaintiff is the senior user by virtue of its prior use of the mark "GET LUCKY," since Plaintiff has continuously used the mark since at least as early as 1985, which pre-dates Defendants' first use

14. Since long prior to the acts of Defendants complained of herein, Plaintiff has achieved wide-spread and substantial sales of its goods designated by the trademark 'GET LUCKY" in commerce

15. By virtue of long and continuous use, and since long prior to the acts of Defendants complained of herein, the marks have developed a secondary meaning and significance, and have been readily recognizable by the public and the trade as a designation associated with Plaintiff

3

)1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Pag

16    The trademark, since long prior to the acts of Defendants complained of herein, has been associated in the public mind exclusively with Plaintiff and its goods  The mark had come to identify Plaintiff's goods, and furthermore, to distinguish said goods from those of others

## DEFENDANTS' ACTIVITIES

17    Defendants operate various retail stores throughout the United States, including the Southern District of Florida

18    Defendant Lucky Brand has admitted to using the designation "GET LUCKY," and have admitted that its designation "GET LUCKY' is identical to Plaintiff's "GET LUCKY" designation, at least as to visual appearance, sound, commercial impression, and connotation, on identical or closely related goods  Attached as **Exhibit "A"** is Defendant Lucky Brand's Notice of Opposition filed on May 3, 2000 with the United States Trademark Office before the Trademark Trial and Appeal Board

19    Defendants have placed advertisements using the designation 'GET LUCKY' in various medium, including print, magazine, and bench ads, and as a result, have sold goods by utilizing the "GET LUCKY' trademark or designation

20    Defendant Lucky Brand has admitted that a likelihood of confusion exists as a result of the parties' respective uses of the ' GET LUCKY ' designation, as stated in Defendant Lucky Brand's Notice of Opposition

21    Long subsequent to Plaintiffs' adoption and use of the marks in commerce, Defendants have used Plaintiff's mark in the advertisement and sale of identical and closely related goods such that Defendants' use is likely to cause consumer confusion

4

)1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Pag

22   Plaintiff has never permitted nor licensed Defendants' use of Plaintiff's trademark

23   Plaintiff is not affiliated connected, or associated with Defendants, nor has Plaintiff originated, sponsored, or approved of Defendants' use of the marks

24   Defendants have misappropriated the goodwill associated with Plaintiff's mark for their own use

25   Defendants' use of the marks on identical or closely related products and services is likely to cause confusion and a false association between Plaintiff's products and services, and the products and services offered by Defendants falsely leading consumers to believe that they emanate from the same source

26   Defendants use in commerce of the trademarks is designed and calculated and is likely to cause confusion, to cause mistake and to deceive customers and prospective customers as to the origin or sponsorship of Defendants' products and services, and to cause them to mistakenly believe that Defendants' products are the products of Plaintiff or are sponsored, licensed, authorized or approved by Plaintiff all to the detriment of Plaintiff, the trade, and the public

27   Reversely, and in the alternative Defendants' use of the trademark in its vast and extensive advertising under the 'GET LUCKY" trademark has so saturated the market resulting in a likelihood of confusion, mistake, and the deception of customers and prospective customers as to the origin or sponsorship of Plaintiff's products and goods, and to cause them to mistakenly believe that Plaintiff's products and goods are those of Defendants or are sponsored, licensed, authorized, or approved by Defendants, all to the detriment of Plaintiff, the trade, and the public

5

)1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Pag

28   Defendants' aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief have diverted sales from Plaintiff, and have resulted in diminished sales

29   Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury

30   Plaintiff has no adequate remedy at law

### COUNT I - FEDERAL TRADEMARK INFRINGEMENT

31   Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 30 as if fully set forth herein

32   With full knowledge and awareness of Plaintiff's ownership and prior use of the 'GET LUCKY" trademark, Defendants have intentionally used in commerce, and upon information and belief, will continue to intentionally use the trademark and designation, which use is likely to cause confusion, or to cause mistake or to deceive consumers and the public at large

33   Defendants' aforesaid acts constitute infringement of Plaintiff's rights in violation of §43 of the Lanham Act, 15 U S C §1125, and upon information and belief, Defendants' use of the trademark and designation is intentional and wilful

34   Plaintiff has no adequate remedy at law

### COUNT II - REVERSE CONFUSION

35   Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 30 and 32-34 as if fully set forth herein

6

36  Due to Defendants vast and extensive advertising, Defendants have so swamped Plaintiff's reputation in the market that customers, the trade, and the public are likely to be confused into thinking that Defendant Lucky Brand is the owner of the trademark "GET LUCKY" and that Plaintiff's goods are those of Defendants resulting in reverse confusion

37  Defendants' aforesaid acts constitute infringement of Plaintiff's rights in violation of §43 of the Lanham Act  15 U S C  §1125 and upon information and belief Defendants' use of the trademark and designation is intentional and wilful

38  Plaintiff has no adequate remedy at law

### COUNT III - FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT

39  Plaintiff incorporate herein each and every allegation set forth in Paragraphs 1 through 30  32-34  and 36  37 as if fully set forth herein

40  Defendants have intentionally used  and upon information and belief will continue to use in commerce the accused trademark  which use constitutes false designation(s) of origin false or misleading description(s) of fact  or false or misleading representation(s) of fact  which are likely to cause confusion, or to cause mistake  or to deceive as to affiliation  connection  or association with Plaintiff or origin  sponsorship  or approval of Defendants' products by Plaintiff

41  Defendants aforesaid acts constitute unfair competition, false designation of origin  and/or false description or representation in violation of §43(a) of the Lanham Act  15 U S C  §1125(a)

42  Plaintiff has no adequate remedy at law

.

7

### COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

43    Plaintiff incorporate herein each and every allegation set forth in Paragraphs 1 through 30, 32-34, 36-37, as if fully set forth herein

44    Defendants' aforesaid acts constitute false designation(s) of origin false or misleading description(s) of fact, or false or misleading representation(s) of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendants' products by Plaintiff

45    Plaintiff has no adequate remedy at law

### COUNT V - UNFAIR COMPETITION

46    Plaintiff incorporate herein each and every allegation set forth in Paragraphs 1 through 30 32 34, 36 37 as if fully set forth herein

47    Defendants aforesaid acts constitute infringement misappropriation and misuse of Plaintiff's mark, unfair competition, palming-off and passing-off against Plaintiff, and unjust enrichment of Defendants all in violation of Plaintiff's rights at common law

48    Defendants' aforesaid acts has caused and will continue to cause great and irreparable injury to Plaintiff, and unless restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury

49    Plaintiff has no adequate remedy at law

WHEREFORE, as to Counts 1-5, Plaintiff respectfully prays

a     That this Court will adjudge that the trademark "GET LUCKY" has been infringed as a direct and proximate result of the acts of Defendants as set forth in this Complaint, in

violation of Plaintiff's rights under the Lanham Act 15 U S C §1051 et seq. and the common law, and that such infringement amounts to wilful use by Defendants of Plaintiff's trademark

b      That this Court will adjudge that Defendants have competed unfairly with Plaintiff as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U S C §1125(a), and the common law

c      That Defendants, and all officers, directors, agents, servants, employees affiliates, parents, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained

1      From using the accused trademark "GET LUCKY" or any other designation service mark, or trademark similar to Plaintiff's mark complained of herein, in any way, including, in connection with clothing, jeans, or any similar goods or services which are likely to cause confusion, and

2      From preparing, manufacturing, linking, publishing or otherwise acquiring or using any goods or services that utilize the "GET LUCKY" trademark, and doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Plaintiff's and Defendants' goods, or their respective products and

3      From all further sales and commercial dealings that utilize the "GET LUCKY" trademark, or any colorable imitation

4      From placing any advertisement or promotion in any medium which utilizes the 'GET LUCKY" trademark or designation

d      That Defendants be required to delete and remove any metatags or other indexing means from their various web sites containing Plaintiff's "GET LUCKY" trademark or

9

1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Page

designation, and that in any way refer to Plaintiff or divert Internet traffic away from web sites actually sponsored, affiliated, or controlled by Plaintiff or that otherwise refer to Plaintiff

    e.    That Defendants be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance

    f.    That Plaintiff recover Defendants' profits and damages arising from Defendants' acts of trademark infringement, false designation of origin, false description or representation, and unfair competition

    g.    That the Court award an amount to Plaintiff for corrective advertisement, based on an analysis of the resources expended by Defendants in so saturating the market through Defendants' use of Plaintiff's trademark or designation

    h.    That the Court treble such damages as awarded in accordance with paragraph f

    i.    That Plaintiff recover, in addition to such sums as otherwise awarded punitive damages in an amount that the Court deems just and proper

    j.    That Plaintiff recover pre-judgment and post-judgment interest on each and every award

    k.    That Plaintiff recover its reasonable attorney fees incurred in this action and that this is an exceptional case pursuant to 15 U S C §1117

    l.    That Plaintiffs have and recover its taxable costs and disbursements incurred in this action

    m.    That the Court order the dismissal of Defendant Lucky Brand's Opposition No 118 603 and find that Plaintiff is the rightful owner of the "GET LUCKY" trademark

10

1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Page

    n.    That Plaintiff have other and such further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Date: September 9, 2001

Respectfully submitted,

By: _____
Hyatt M. Fried, Esq.
Florida Bar No. 817570
FRIED & ASSOCIATES, P.A.
2630 Hollywood Blvd., Suite 101
Hollywood, Florida 33020
Telephone: 954-923-2000
Facsimile: 954-923-0903

11

05-08-2000
U S Patent & TMOfc/TM Mail Rcpt Dt #11

TRADEMARK
Docket No 110 2*41/GJN/L314

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
TRADEMARK TRIAL AND APPEAL BOARD

In the matter of Application Serial No 75/466,537 of Marcel Fashion Group, Inc., filed April 13, 1998, for the mark GET LUCKY in Class 25, as published in the Trademark *Official Gazette* on January 4, 2000 (the term for opposition having been extended to May 3, 2000)

| LUCKY BRAND DUNGAREES, INC , | ) | Opposition No | |
|---|---|---|---|
| Opposer, | ) | NOTICE OF OPPOSITION | |
| v | ) | | |
| MARCEL FASHION GROUP, INC | ) | Mark | GET LUCKY |
| | ) | Serial No | 75/466,537 |
| Applicant | ) | Filed | April 13, 1998 |

Lucky Brand Dungarees, Inc ("Lucky Brand" or "Opposer"), a Delaware corporation having its principal place of business at 4599 District Boulevard, Vernon, California, 90058, believes that it will be damaged by the registration of the mark shown in Application Serial No. 75/466,537 in International Class 025 and hereby opposes its registration

As grounds for opposition, Opposer alleges that

1   Applicant Marcel Fashion Group, Inc ("Marcel Fashion Group" or "Applicant") seeks to register GET LUCKY as a trademark for CLOTHING, NAMELY, MEN'S AND WOMEN'S JEANS AND T SHIRTS, AND BABY CLOTHES NAMELY T-SHIRTS, SHORT SETS COMPRISED OF TOPS AND SHORTS, PANTS SETS COMPRISED OF TOPS AND PANTS, AND ROMPERS, in International Class 025 alleging a date of first use of February 1985, as evidenced by the publication of this mark in the *Official Gazette* on page TM 508 of the January 4 2000 issue

2   Opposer has used the designation GET LUCKY

-1-

1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Page

Opposition to Serial No. 75/466,537

3. Opposer is informed and believes, and on that basis alleges, that Applicant abandoned any trademark rights it may have had in the designation GET LUCKY before Applicant's filing date (i.e., April 13, 1998) for the present application.

4. Opposer's rights in GET LUCKY precede any rights Applicant may have in the designation GET LUCKY for use in association with the goods listed in the pending application (i.e., Applicant's filing date of April 13, 1998).

5. The designation Applicant seeks to register, GET LUCKY, is identical to Opposer's GET LUCKY designation, at least as to visual appearance, sound, commercial impression, and connotation.

6. The goods identified in Applicant's application are identical or closely related to at least some of the goods with which Opposer has associated its GET LUCKY designation.

7. Opposer is informed and believes, and on that basis alleges, the marketing and channels of trade associated with the goods identified in Applicant's application are closely related, if not identical, to the marketing and channels of trade within which Opposer sells, markets, and advertises goods associated with its GET LUCKY designation.

8. Registration of Applicant's GET LUCKY designation would be inconsistent with the rights of the Opposer.

9. Applicant's registration and/or use of the designation GET LUCKY in association with the goods listed in its application is likely to cause injury to Opposer's business reputation and to injure and impair Opposer's rights in its GET LUCKY designation by causing confusion, mistake, and/or deception as to the respective rights of the parties and as to the source or sponsorship of the respective goods.

10. Alternatively, Applicant's registration and/or use of the designation GET LUCKY in association with the goods listed in its application is likely to cause injury to Opposer's business reputation and to injure and impair Opposer's rights in its GET LUCKY designation by preventing Opposer from using the designation in a descriptive manner (e.g., using the phrase "Get Lucky" to encourage consumers to purchase Lucky Brand clothing products).

1-cv-07495-WPD Document 1 Entered on FLSD Docket 09/20/2001 Page

Opposition to Serial No. 75/466,537

11 Opposer is informed and believes, and on that basis alleges, that Applicant was aware of the fact that it did not own trademark rights in the designation GET LUCKY, dating back to Applicant's alleged date of first use of February 1985 for the goods listed in the application, at the time it filed the present application (i e , Ser. No 75/466,537).

12. Opposer is informed and believes, and on that basis alleges, that Applicant's failure to disclose the fact that it did not own rights in the designation GET LUCKY, dating back to Applicant's alleged date of first use of February 1985 for the goods listed in the application, was knowing and willful, and made with full knowledge that such false statements would jeopardize the validity of the application or any registration resulting therefrom.

13 Opposer is informed and believes, and on that basis alleges, Applicant was aware of the fact that Opposer had rights in GET LUCKY at the time it filed the present application.

14 Opposer is informed and believes, and on that basis alleges, that Applicant's failure to disclose the fact that it was aware of Opposer's rights in GET LUCKY at the time it filed its application, was knowing and willful, and made with full knowledge that such false statements would jeopardize the validity of the application or any registration resulting therefrom

1-cv-07495-WPD   Document 1   Entered on FLSD Docket 09/20/2001   Page

Opposition to Serial No. 75/466,537

WHEREFORE, Opposer prays that this opposition be sustained, Application Serial No 75/466,537 be rejected, and that Applicant's designation GET LUCKY, for the goods listed in the pending application, be refused registration.

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

Date  5/3/2000

By  *Gary J. Nelson*
Gary J. Nelson
Attorneys for Opposer
P O Box 7068
Pasadena, California 91109 7068
626/795-9900

GJN/tmt
Enclosures  Copy of Notice of Opposition
TMT PAS247927 1 · 5/3/00 3 03 PM

-4-

1-cv-07495-WPD Document 1 Entered on FLSD Docket 09/20/2001 Page

## JS 44 CIVIL COVER SHEET 01-7495 CIV-DIMITROULEAS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
MARCEL FASHIONS GROUP, INC.

**DEFENDANTS**
LUCKY BRAND DUNGAREES, INC. AND
FERDERATED DEPARTMENT STORES, INC.

MAGISTRATE JUDGE
JOHNSON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A: BROWARD D: 01CV 7495 WPD/AJ

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
HYATT M. FRIED, ESQ, FRIED $ ACCOCIATES
2630 HOLLYWOOD BLVD., #101
HOLLYWOOD, FLORIDA 33020   954-923-2000

ATTORNEYS (IF KNOWN)

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST LUCIE, IND AN RIVER, OKEECHOBEE, HIGHLANDS

**I. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- U S Government Plaintiff
- [X] 3 Federal Question (U S Government Not a Party)
- 2 U S Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**V ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury Med Malpractice | B 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | B 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander / 365 Personal Injury Product Liability | B 630 Liquor Laws | A PROPERTY RIGHTS | 450 Commerce ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability / 368 Asbestos Personal Injury Product Liability | B 640 R R & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | B 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | B 660 Occupational Safety/Health | [X] 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | PERSONAL PROPERTY / 370 Other Fraud | B 690 Other |  | 850 Securities/Commodities/Exchange |
| 160 Stockholders Suits | 350 Motor Vehicle / 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | 360 Other Personal Injury / 385 Property Damage Product Liability |  | 862 Black Lung (923) | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | B 510 Motions to Vacate Sentence | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | HABEAS CORPUS | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing Accommodations | B 530 General | 730 Labor Mgmt Reporting & Disclosure Act | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | A 535 Death Penalty | 740 Railway Labor Act | FEDERAL TAX SUITS |
| 245 Tort Product Liability | 440 Other Civil Rights | B 540 Mandamus & Other | 790 Other Labor Litigation | A 870 Taxes (U S Plaintiff or Defendant) |
| 290 All Other Real Property |  | B 550 Civil Rights | A 791 Emp Ret Inc Security Act | A 871 IRS - Third Party 26 USC 7609 |
|  |  | B 555 Prison Condition |  |  |

**CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

TRADEMARK INFRINGEMENT  15 USC SEC 1051, etsec   15 USC Sec 1125

___ days estimated (for both sides to try entire case)

**II. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: YES  NO

**III. RELATED CASE(S) IF ANY** (See instructions) JUDGE _____ DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 523400 AMOUNT 150  APPLYING IFP 9-19-01  JUDGE _____ MAG JUDGE _____