# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-7495-CIV-DIMITROULEAS

MARCEL FASHION GROUP, INC.,
a Florida corporation,

Magistrate Judge Johnson

Plaintiff,
vs.

LUCKY BRAND DUNGAREES, INC.,
a Delaware corporation, and FEDERATED
DEPARTMENT STORES, a Delaware corporation.

Defendants.
_____/

FILED by _____ D.C.

FEB 12 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DENYING PRELIMINARY INJUNCTION

THIS CAUSE is before the Court upon Plaintiff Marcel Fashion Group, Inc.'s Motion for Preliminary Injunction [DE 18], Defendants Lucky Brand Dungarees, Inc. and Federated Department Stores, Inc.'s Memorandum in Opposition [DE 28], and Plaintiff's Reply [DE 32]. The Court has carefully considered the motion, has heard the argument of counsel at a hearing on February 8, 2002, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Marcel Fashion Group, Inc. ("Marcel") filed an action seeking relief for trademark infringement, reverse confusion, false designation of origin, false description or representation, and related unfair competition, and seeking permanent injunctive relief to protect its proprietary interests and its trademark rights and monetary damages for injury to business reputation under Fla. Stat. §495.151. Marcel is a seller of clothing under the trademark "GET LUCKY" (and other named lines). Marcel has used such mark since 1985 and is the owner of U.S. Registration no. 1,377,345, issued in 1985.

Defendant Lucky Brand Dungarees, Inc. ("Lucky Brand") is a California based



manufacturer and marketer of high end apparel, particularly jeans, sportswear, and accessories. Lucky Brand owns 15 trademarks which include the word "LUCKY" in various forms and logos, including "LUCKY BRAND," LUCKY YOU," LUCKY ME," and "LUCKYVILLE." In 1998, Lucky Brand began using the slogan "get lucky" as part of a nationwide ad campaign. This tag line in different variations has appeared on bench ads, on the internet, in store windows, in print ads, etc. Lucky Brand is currently opposing Marcel's trademark registration with the United States Patent and Trademark Office.

Marcel seeks entry of a preliminary injunction enjoining Defendants from (1) using Marcel's trademark "GET LUCKY" in connection with the sale of clothing and apparel; (2) using, attempting to use, promoting, advertising, marketing, selling, or offering for sale any clothing or apparel by using the "GET LUCKY" mark, or any similar variations thereof and from representing or in any way creating the impression that the goods Defendants offer are affiliated, sponsored, connected, or approved by or with Marcel or goods Marcel offers under the "GET LUCKY" mark; (3) placing any further advertisements in any magazine, or publication, using the designation "GET LUCKY" on the Internet or on bench ads, and otherwise promoting the mark "LUCKY BRAND JEANS" by using in commerce Marcel's trademark "GET LUCKY"; and (4) ordering the removal by Defendants of any and all advertisements containing the trademark "GET LUCKY" from commerce, including the removal of any bench ads and the mark from their websites; (5) ordering an accounting of Defendants' profits resulting from their use of Marcel's "GET LUCKY" trademark; (6) ordering Defendants to contact any and all customers, agents, retailers, ad agencies, publications, promoters, marketers and sellers and inform them of this injunction; and (7) ordering the freezing of Defendants' assets sufficient to account for Marcel's damages.

2

## II. DISCUSSION

In order to obtain a preliminary injunction, Marcel must establish the following four elements: (1) a substantial likelihood that Marcel will prevail on the merits; (2) a substantial threat that Marcel will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to Marcel outweighs the threatened harm the injunction may do to Defendants; and (4) granting the preliminary injunction will not disserve the public interest. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994). Because a "preliminary injunction is an extraordinary and drastic remedy," it is "not to be granted until the movant clearly carries the burden of persuasion as to the four prerequisites." Id. (quoting Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir.1990)); see also McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998).

First, the Court finds there is not a substantial likelihood that Marcel will prevail on the merits. Certainly, it is possible for Marcel to prevail on the reverse confusion claim, but based on the evidence presented at this time, it is unlikely that Marcel will prevail on any of the other claims. In particular, a necessary element for most trademark claims is the likelihood of confusion. In determining whether there is a likelihood of confusion, courts consider the following factors: (1) the strength of the plaintiff's mark; (2) the similarity of the design; (3) the similarity of the service; (4) the similarity of service outlets and customers; (5) the similarity of advertising media used; (6) the defendant's intent; and (7) any actual confusion. Coach House Restaurant, Inc. v. Coach and Six Restaurants, Inc., 934 F.2d 1551, 1561 (11th Cir.1991); Dieter v. B & H Indus., 880 F.2d 322, 326 (11th Cir.1989). In applying this test, no single factor is dispositive, but in the Eleventh Circuit, greater weight is given to the type of mark and evidence of actual confusion. Dieter, 880 F.2d at 326; Freedom Sav. & Loan Ass'n v. Way, 757 F.2d 1176,

3

1186 (11th Cir.1985).

The expression "Get Lucky" itself is one used in common parlance, alluding to sex or gambling. Here, it appears that Lucky Brand uses the phrase "Get Lucky" and other variations thereof as an advertising slogan for its clothing products; Marcel uses "Get Lucky" as a product name or line, using the trademark "GET LUCKY" on the actual clothing labels. Both parties market clothing and apparel; however, their products are quite different in type, quality, target market, price range, and advertising. Lucky Brand is a well known and extensively advertised company, while Marcel is virtually unknown outside of its trade show market. Marcel is a Miami based corporation selling apparel such as t-shirts, shorts, short sets, pant sets, and similar clothing to specialty customers (hotel boutiques, discount clothing stores, casinos, etc.) through trade shows. Marcel does not market or advertise to the general public. Further, Marcel has presented no evidence that Lucky Brand intended to infringe Marcel's trademark. On the contrary, Lucky Brand had never heard of Marcel Fashion and in fact, Marcel alleged that Lucky Brand initially thought Marcel was infringing Lucky Brand's marks. Finally, Marcel has not at this point introduced any credible evidence of actual confusion between the companies. Thus, taken as a whole, there are little if any similarities to create a likelihood of confusion between the companies and their products.

Second, the Court finds that Marcel has failed to establish that it has or will suffer irreparable injury if the injunction is not granted. Irreparable injury means injury for which a monetary award cannot be adequate compensation. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Id. (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)).

4

Here, Marcel has provided no tangible evidence of injury. Other than a few anonymous customer calls and inquiries at trade shows, Marcel has failed to show that customers are confusing Marcel's "GET LUCKY" products with Lucky Brand's products. Indeed, Marcel's profits have increased through the period of Lucky Brand's use of the mark. Even assuming that Marcel may lose goodwill associated with the "GET LUCKY" mark sometime in the future through reverse confusion, Marcel's delay of three years in seeking an injunction, or bringing a lawsuit, after becoming aware of Lucky Brand's use of "Get Lucky" shows that irreparable injury is not taking place. See Golden Bear Int'l Inc. v. Bear U.S.A. Inc., 969 F. Supp. 742 (N.D. Ga. 1996).

Third, the Court finds that the threatened injury to Marcel does not outweigh the threatened harm the injunction may do to Lucky Brand and Federated. Again, other than possible reverse confusion and loss of goodwill in the future, Marcel has failed to establish any injury. In contrast, Lucky Brand and Federated would suffer substantial financial losses if ordered to rescind all traces of the "Get Lucky" tag line from its advertising and stores.

Finally, denying the preliminary injunction would not affect the public interest one way or the other. Marcel Fashion Group is not widely known and does not advertise or sell directly to the general public; therefore, there is very little possibility of public confusion or deception.

### III. CONCLUSION

Accordingly, as Marcel Fashion Group, Inc. has failed to establish the four elements necessary for a preliminary injunction, it is

**ORDERED AND ADJUDGED** that Plaintiff Marcel Fashion Group, Inc.'s Motion for

5

Preliminary Injunction [DE 18] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of February, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jay B. Shapiro, Esq.
Martin Schiffmiller, Esq.
Hyatt Fried, Esq.
Mimi L. Sall, Esq.

6