UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARCEL FASHIONS GROUP, INC.,

        Plaintiff,

    -v-

LUCKY BRAND DUNGAREES, INC., LIZ
CLAIBORNE, INC., and LUCKY BRAND
DUNGAREES STORES, INC.,

        Defendants.

-------------------------------------------------------x

No.  11 Civ. 5523 (LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 5 2012

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff Marcel Fashions Group, Inc. ("Plaintiff" or "Marcel") commenced this

trademark infringement action in the Southern District of Florida, seeking damages and

injunctive relief based on allegations that Defendants Lucky Brand Dungarees, Inc., Liz

Claiborne, Inc., and Lucky Brand Dungarees Stores, Inc. (collectively "Defendants" or "Lucky

Brand") use Lucky Brand marks that infringe Plaintiff's "GET LUCKY" mark.  Defendants

moved to change venue and, on August 9, 2011, the case was transferred to this Court, which has

jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  Three motions are now

before the Court: 1) Defendants' motion for summary judgment; 2) Plaintiff's motion for leave

to file an amended complaint; and 3) Plaintiff's motion for sanctions against Defendants for

contempt.  The Court has reviewed carefully all of the parties' submissions and, for the

following reasons, Defendants' motion for summary judgment is granted, and Plaintiff's motions

for leave to file an amended complaint and for sanctions are denied.

BACKGROUND

The following facts are undisputed unless otherwise indicated.  Lucky Brand is a clothing designer that has been selling vintage-inspired jeans and casual lifestyle apparel for over twenty years.  (Defendants' Rule 56.1 Statement ¶ 1[1].)  Lucky Brand is the owner of numerous trademarks registered with the USPTO, including "Lucky Brand," a Clover Design Mark, and "Lucky Brand Dungarees of America" (and associated design).  (Id. ¶ 4.)  Marcel is a Florida-based corporation that owns the trademark GET LUCKY.  (Compl. ¶¶ 5, 13.)

The 2001 Action

On September 9, 2001, Marcel filed a lawsuit against Lucky Brand and Federated Department Stores in the United States District Court for the Southern District of Florida, asserting claims for federal and common law trademark infringement and unfair competition, based on Lucky Brand's use of the "GET LUCKY" mark.  (Defendants' Rule 56.1 Statement ¶ 12.)  Marcel later filed another action against Liz Claiborne in the same court with similar allegations.  (Id. ¶ 13.)  The two actions were consolidated under the caption Marcel Fashion Group, Inc. v. Lucky Brand Dungarees, Inc., and Federated Department Stores, Inc., Case No. 01-7495-Civ-Dimitrouleas (S.D.Fla.) (the "2001 Action").  (Id.; see also Declaration of Darren W. Johnson (hereinafter "Johnson Decl.") Exh. 3.)  In May 2003, the parties settled the 2001 Action pursuant to a Release and Settlement Agreement.  (Defendants' Rule 56.1 Statement ¶ 14; Johnson Decl., Exh. 6.)  The Agreement provided that Defendants would desist "from use

---

[1]      References to the parties' Rule 56.1 Statements incorporate the underlying evidence.  Facts characterized as undisputed are acknowledged as such by the parties, based on evidence as to which there is no nonconclusory contradictory evidentiary proffer, or on court records.

of 'Get Lucky' as a trademark, trade name, brand, advertising slogan or tag line in connection

with the advertising, promotion or sale of jeans, shirts, t-shirts, shorts, tops, bottoms, pantsuits

and fragrances." (Johnson Decl., Exh. 6 ¶ 7.)  The Agreement also acknowledged "Lucky

Brand's rights to use, license and/or register the trademark LUCKY BRAND and/or any other

trademarks, trade names, brands, advertising slogans or tag lines owned, registered and/or used

by Lucky Brand in the United States and/or in any foreign country as of the date of [the]

Agreement." (Id. ¶ 8.)


The 2005 Action

In 2004, Marcel granted a license to Ally Apparel Resources LLC and/or Key

Apparel Resources, Ltd. (collectively, "Ally"), and Ally launched a "Get Lucky" line of

jeanswear that competed with Lucky Brand's clothing collections.  In 2005, Lucky Brand filed

an action in this Court, alleging that Ally's "Get Lucky" products infringed the Lucky Brand

trademarks. (Lucky Brand Dungarees, Inc. et al. v. Ally Apparel Resources et al., 05 cv 6757

(hereinafter "2005 Action"), Complaint ¶¶ 47, 58-60.)  Marcel and Ally asserted counterclaims

against Lucky Brand, alleging that Marcel was the senior user of the "GET LUCKY" mark, and

that Lucky Brand's use of "GET LUCKY" and the other Lucky Brand marks infringed Marcel's

trademark rights and breached the 2003 Release and Settlement Agreement. (Marcel's

Counterclaims, September 13, 2005, 05 cv 6757, ECF No. 40.)  Marcel and Ally sought a

permanent injunction prohibiting Lucky Brand "[f]rom using the accused trademark 'GET

LUCKY' or any other designation, service mark, or trademark similar to counter-plaintiffs' GET

LUCKY trademark complained of herein, including the confusingly similar use of 'Lucky

Brand' or 'Lucky,' in any way, including, in connection with clothing, jeans, or any similar

goods which are likely to cause confusion." (Id. at p. 42.)[2]

On April 22, 2009, this Court entered an order granting Marcel partial summary judgment as to certain of its counterclaims, and issued a permanent injunction (the "April 22, 2009, Injunction") which prohibited Lucky Brand "from using in commerce any reproduction, counterfeit, copy or any colorable imitation of Marcel Fashions' GET LUCKY trademark on or in connection with men's and women's apparel, fragrances, and accessories." (April 22, 2009 Injunction, 05 cv 6757, ECF No. 183.) In May 2009, the parties filed a Second Amended Joint Pre-Trial Statement in anticipation of trial of the remaining unresolved issues in the case. As part of this statement, Marcel identified the question of "Whether Marcel is entitled to an injunction against Lucky Brand enjoining Lucky Brand from selling merchandise using GET LUCKY, LUCKY, LUCKY BRAND or any other mark incorporating Lucky," as an issue yet to be decided. (Amended Pretrial Statement, April 28, 2009, 05 cv 6757, ECF No. 186 ¶ 31.) The parties' remaining claims were tried before this Court and a jury, beginning in April 2010. After the jury rendered its verdict (which included findings that Lucky Brand had infringed the Lucky Brand marks, and actual and punitive damages determinations), the parties negotiated and drafted jointly a Final Order and Judgment, which incorporated by reference the Court's prior rulings as well as the jury's verdict, providing, in relevant part that:

> Ally's use of GET LUCKY as licensed from Marcel Fashions constituted willful infringement of Lucky Brand's trademarks, but Marcel established its prior

---

[2] At several points over the course of their lengthy litigation, the parties have changed the terms they use to describe the various marks at issue. In particular, while Plaintiff, in earlier litigation, distinguished between the GET LUCKY mark and other Lucky Brand marks, in this motion practice Plaintiff often confusingly refers to *all* the marks as the GET LUCKY marks. For purposes of this motion, the Court will use the term "GET LUCKY" to refer only to the GET LUCKY mark, and will use the term "Lucky Brand marks" to refer to all other marks, including any use of the word Lucky.

ownership, registration and use of GET LUCKY which provides a complete defense to all claims of infringement and establishes priority over Lucky Brand Parties' trademarks.

Lucky Brand infringed Marcel Fashion's GET LUCKY trademark by using GET LUCKY, the LUCKY BRAND trademarks, and any other trademarks including the word "Lucky" after May 2003.

For Lucky Brand's infringement of Marcel Fashion's GET LUCKY trademark on men's and women's t-shirts and on women's long sleeved shirts, and for their breach of the settlement agreement by using GET LUCKY in connection with fragrance advertising, Marcel Fashion is awarded $10,000 in compensatory damages, and $140,000 in punitive damages.

For Lucky Brand's infringement of Marcel Fashion's GET LUCKY trademark by their use of GET LUCKY, the LUCKY BRAND trademarks and any other marks including the word "Lucky" after May 2003, Marcel Fashion is awarded $10,000 in compensatory damages, and $140,000 in punitive damages.

The parties have jointly drafted this order and agree to waive any and all rights pursuant to Federal Rules of Civil Procedure 59 and 60. The parties further agree to waive any and all rights to appeal this order.

(Final Order and Judgment, June 1, 2010, 05 cv 6757, ECF No. 248.) While the Final Order and Judgment incorporates by reference the Court's April 22, 2009, Injunction concerning the GET LUCKY mark, it contains no other provision for injunctive relief.


The Instant Action

On April 29, 2011, Marcel filed this action in the Southern District of Florida, seeking injunctive relief based on Defendants' continued use of the Lucky Brand marks. In its complaint ("Complaint"), Marcel conceded that the action was based on Defendants' continued use of "the Lucky Brand marks in the identical manner and form and on the same goods for which [Defendants] were found liable for infringement [in the 2005 Action]." (Compl. ¶¶ 15-16, 26-28, 33-40.) On May 4, 2011, Marcel filed a motion for a permanent injunction in the Florida district court, seeking an order that Defendants be enjoined from "using, displaying, advertising,

or selling their goods under, or from otherwise doing business under the 'Lucky Brand' trademarks and any other mark including the word 'Lucky' and any confusingly similar alternative or variation thereof." (Motion for Permanent Injunction, May 4, 2011, ECF No. 5 at p. 13.) In its brief in support of that motion, Marcel asserted that Defendants' use of the Lucky Brand marks had been "wholly consistent with their use prior to the entry of the Final Order and Judgment" and acknowledged that "this case is not a new claim . . . but rather is based on the judicial finding that the marks used on the same goods in the identical manner has continued despite the entry of the Final Order and Judgment." (Id. at pp. 10 - 11.)

On May 27, 2011, Defendants moved to transfer the action to this Court. (Motion to Change Venue, May 27, 2011, ECF No. 24.) In its opposition to the motion to transfer venue, Marcel admitted that "[t]here is an injunction against Defendants using the GET LUCKY mark," and stated that "Plaintiff now seeks an injunction against Defendants using the LUCKY BRAND marks since Defendants have continued to use the infringing marks . . . after entry of the Final Order and Judgment." (Response to Motion to Change Venue, June 6, 2011, ECF No. 33 at p. 2.) Marcel continued:

> The Final Order and Judgment is clear on its face. While the Final Order and Judgment contains an injunctive provision against Defendants' using Marcel's GET LUCKY trademark, it does not contain specific injunctive language against Defendants using its LUCKY BRAND marks and any mark including the word Lucky.
>
> If the Final Order and Judgment did contain that specific language, then this would be an action for contempt. Instead, this is an action for injunctive relief and for damages and is filed to prevent Defendants from continuing its [sic] acts of infringement after Judge and jury have determined their use to be infringing.

(Id.) Judge William J. Zloch referred the motion to transfer venue to Magistrate Judge Robin Rosenbaum, who recommended that the court grant the motion and transfer the action to this

district.  Judge Rosenbaum noted that "[a]t its core, Marcel's current action asserts the same

infringement claims that Marcel litigated for five years and eventually prevailed on before the

New York federal court.  The only real difference is that Marcel now seeks an equitable remedy

that it was not awarded - and arguably waived - despite having ample opportunity and incentive

to pursue that remedy."  (Report and Recommendation, July 19, 2011, ECF No. 40 at p. 16.)

Judge Zloch adopted Judge Rosenbaum's report and recommendation, granted Defendants'

motion to transfer, and the action was transferred to this Court on August 9, 2011.  (Transfer

Order, August 8, 2011, ECF No. 44.)

   Marcel filed a motion for leave to amend its complaint.  Defendants thereafter

moved for summary judgment and, on the following day, Plaintiff moved for sanctions against

Defendants for contempt of the Final Order and Judgment in the 2005 Action.


D<small>ISCUSSION</small>

<u>Defendants' Motion for Summary Judgment</u>

   "Under the doctrine of res judicata, or claim preclusion, [a] final adjudication on the

merits of an action precludes the parties or their privies from relitigating issues that were or could

have been raised in that action."  <u>Bank of India v. Trendi Sportswear, Inc.</u>, 239 F.3d 428, 439 (2d

Cir. 2000) (internal quotations omitted).  When determining whether a suit is barred by <u>res</u>

<u>judicata</u>, the court must determine whether "the second suit involves the same 'claim'- or 'nucleus

of operative fact' - as the first suit."  <u>Waldman v. Village of Kiryas Joel</u>, 207 F.3d 105, 108 (2d Cir.

2000).  <u>Res judicata</u> "will not bar a suit based upon legally significant acts occurring after the

filing of a prior suit that was itself based upon earlier acts."  <u>Id.</u> at 113.  However, the doctrine of

<u>res judicata</u> <em>will</em> bar claims based upon acts that post-date the first action, if those new claims are

"nothing more than additional instances of what was previously asserted" and the second action

is based "principally upon the common nucleus of operative facts shared with [the first]." Id.

The principles of res judicata apply to bar the current suit.  The Final Order and

Judgment was a final adjudication on the merits of the 2005 Action, which involved the same

claims, trademarks and parties as the instant action.  Marcel's own assertions in its pleadings and

motion papers confirm this:

> "Defendants have continued to willfully . . . infringe Plaintiff's GET LUCKY
> mark by using the Lucky Brand marks in the identical manner and form and on
> the same goods for which they were found liable for infringement [in the 2005
> Action]." (Compl. ¶ 15.)

> "This matter has already been determined by the Southern District of New York."
> (Compl. ¶ 39.)

> Defendants' "use of [the Lucky Brand] marks has been continuous, unabated, and
> wholly consistent with their use prior to the entry of the Final Order and
> Judgment." (Motion for Permanent Injunction, May 4, 2011, ECF No. 5 at p. 10.)

> "This case is not a new claim . . . but rather is based on the judicial finding that
> the marks used on the same goods in the identical manner has continued despite
> the entry of the Final Order and Judgment." (Id. at pp. 10 - 11.)

These admissions, and the Complaint as a whole, make clear that Marcel's purported new

allegations are "nothing more than additional instances of what was previously asserted [in the

2005 Action]" and that the instant action is based "principally upon the common nucleus of

operative facts shared with [the 2005 Action]." Waldman, 207 F.3d at 113.  Here, Marcel merely

seeks broad injunctive relief prohibiting Lucky Brand from using the same trademarks that were

the subject of the 2005 Action, and further damages for use of those marks.  Marcel could have,

and indeed did, seek such injunctive relief in the 2005 Action.  Its negotiated final order did not,

however, provide for such relief, and it provided for a single monetary award for use of the

marks "after May 2003," without any reservation of rights to seek further damages for

prospective use.  A successive suit seeking a different remedy for the same conduct – like the

instant action – is clearly barred by the doctrine of res judicata.  See, e.g., Jim Beam Brands Co.

v. Beamish & Crawford Ltd., 937 F.2d 729, 736 (2d Cir. 1991) ("Res judicata . . . prevents the

subsequent litigation by either party of any ground of recovery that was available in the prior

action, whether or not it was actually litigated or determined" and noting that, accordingly, "if

[injunctive relief] was available to [a party in the prior proceeding], that availability would

preclude the [party's] present pursuit of such a claim").

       Plaintiff does not address the merits of Defendants' res judicata analysis,

choosing rather to base its opposition to Defendants' motion for summary judgment almost

entirely on a new contention – that the April 22, 2009, Injunction and, consequently, the Final

Order and Judgment, actually *did* enjoin Defendants from using, not only the GET LUCKY

mark, but also the other Lucky Brand marks, including the word Lucky.  This argument has no

support in the record or in the plain language of the April 22, 2009, Injunction.  The injunction

was issued in the context of Marcel's motion for sanctions against Lucky Brand for various

discovery violations.  Magistrate Judge Dolinger issued a Memorandum and Order finding that

Lucky Brand had engaged in numerous discovery violations, and that, as a consequence of

Lucky Brand's wrongful conduct, Marcel was entitled to a preclusive judicial finding that, as a

matter of law, Lucky Brand infringed the GET LUCKY mark and breached the parties' earlier

settlement agreement.  This Court subsequently entered an order on April 22, 2009, granting

Marcel partial summary judgment and a permanent injunction.  All of the Lucky Brand marks –

not just the GET LUCKY mark – were at issue when this Court issued the April 22, 2009,

Injunction.  (See, e.g., Marcel's Counterclaims in 2005 Action, 5 cv 6757,  Sep. 13, 2005, ECF

No. 40 at p. 42 (expressly requesting that Defendants be permanently enjoined from using the

'GET LUCKY' trademark "or any trademark confusingly similar to the GET LUCKY trademark including 'Lucky Brand' or 'Lucky'".) Accordingly, if the April 22, 2009, Injunction had been meant to cover all the Lucky Brand marks, it would have specifically identified those other marks. (See 5 cv 6757, April 22, 2009, ECF No. 183 (enjoining Defendants from using "any reproduction, counterfeit, copy or any colorable imitation of [only] Marcel Fashions' GET LUCKY trademark").)

Additionally, Marcel itself has repeatedly admitted that the April 22, 2009, Injunction does not apply to the Lucky Brand marks. For example, in the parties' Second Amended Joint Pre-Trial Statement, filed after the injunction was issued, Marcel specifically identified the question of whether it was entitled to a permanent injunction against *all* of the Lucky Brand marks as a legal issue to be decided by the Court. (See Amended Pretrial Statement, 05 cv 6757, April 29, 2009, ECF No. 186 at ¶ 31.) Similarly, in its response to Defendants' motion to transfer this case to this district, Marcel admitted that "while the Final Order and Judgment contains an injunctive provision against Defendants' using Marcel's GET LUCKY trademark, it does not contain specific injunctive language against Defendants using its LUCKY BRAND marks and any mark including the word Lucky." (Response to Motion to Change Venue, June 6, 2011, ECF No. 33 at p. 2.)[3]

While Plaintiff relies heavily on GMA Accessories, Inc. v. Eminent, Inc., No. 07 Civ. 3219(LTS)(DF), 2008 WL 2355826 (S.D.N.Y. May 29, 2008), that decision is inapposite. The injunction in that case was the product of an accepted Rule 68 offer of judgment, and

---

[3]  There are numerous other examples in the record of Marcel's acknowledgment of the limited scope of the April 22, 2009, Injunction, notably Marcel's decision to initially file this suit as a trademark infringement action in the Southern District of Florida, rather than as an action for contempt before this Court. (See, e.g., Response to Motion to Transfer, June 6, 2011, ECF No. 33 at pp. 2-3.)

prohibited the defendant from "using the mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI." Id., at *1. Shortly after the injunction was entered, however, the parties began to dispute whether the injunction was broad enough to cover the mark "CHARLOTTE RONSON." Defendant moved under Fed. R. Civ. P. 60 to withdraw, vacate or modify its offer of judgment, arguing that its proposed injunction was meant only to cover the specific marks "CHARLOTTE" and "CHARLOTTE SOLNICKI." This Court denied the motion, finding that the language of Defendant's Rule 68 offer was broader than the interpretation advanced by the Defendant in the Rule 60 motion practice. When the Defendant thereafter sold goods under the mark "CHARLOTTE RONSON," Plaintiff moved for civil contempt sanctions, and Magistrate Judge Debra Freeman recommended that Defendant be held in civil contempt.[4] There are several crucial differences between GMA and the instant case. Notably, the defendant in GMA had continued to use the "CHARLOTTE RONSON" mark even after the Court clarified that the injunction covered "two-word marks that were 'similar to' the 'CHARLOTTE' mark" and plainly suggested that the "CHARLOTTE RONSON" mark "likely fell within the injunction's proscriptions." Id., at *9. Additionally, unlike the plaintiff in GMA, Marcel has repeatedly admitted that the April 22, 2009, Injunction does not apply to any marks beyond GET LUCKY and, unlike the injunction in GMA, which was drafted solely by the defendant as a Rule 68 Offer of Judgment (id., at *1), the injunction at issue here was jointly submitted by both Marcel and Lucky Brand.

Marcel's final arguments - that *Defendants* bore the burden of drafting the April

---

[4]    The Report and Recommendation was never adopted by this Court.

22, 2009, Injunction and Final Order and Judgment to specify that any injunctive relief applied only to the GET LUCKY mark, and that the Court's finding that Lucky Brand infringed Marcel's trademarks automatically means that Lucky Brand is enjoined from further use of those trademarks - are similarly unavailing. See, e.g., Hart v. Hart, No. 18 MS 0302, 2007 WL 187690 (S.D.N.Y. Jan. 22, 2007) (party seeking the injunction bears the burden of establishing that it is justified); eBay Inc v. MercExchange, L.L.C., 547 U.S. 388, 392 (2006) (an injunction does not automatically follow a determination of infringement); Jim Beam Brands, 937 F.2d at 737 (same).

Plaintiff's Motion for Leave to File an Amended Complaint

"Leave to amend a pleading should be freely granted when justice so requires." Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010). However, the court may deny leave to amend, if the amendment "(1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) [would prejudice] the opposing party . . . or (4) would be futile."[5] Id. (alteration in original). The trial court has broad discretion to decide a motion to amend. Id.

Here, the Court has reviewed Marcel's Proposed Amended Complaint ("PAC"), which proposes the following alterations to the original Complaint: the addition of three individual defendants; conclusory allegations as to Defendants' "new and continued" use of the Lucky Brand trademarks; conclusory allegations as to Defendants' purchase of search engine keywords involving the Lucky Brand trademarks; allegations that certain of Defendants'

---

[5]      A "proposed amendment is considered futile when it fails to state a claim." Duling, 265 F.R.D. at 103.

registered marks are fraudulent; and allegations that Defendants should be held in contempt for violating the Final Order and Judgment from the 2005 Action.  For substantially the reasons outlined in Section IV(A) of Defendants Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend, the Court finds that the PAC fails to allege any "new" facts sufficient to defeat the application of res judicata.[6]  Accordingly, in light of the Court's determination that Defendants are entitled to summary judgment on the basis of res judicata, Plaintiff's motion for leave to amend is denied as futile.

Plaintiff's Motion for Sanctions Against Defendants for Contempt

Plaintiff seeks an order finding Defendants in contempt for their alleged violations of the April 22, 2009, Injunction and the Final Order and Judgment, based on their continued use of the Lucky Brand marks.  As explained above, the April 22, 2009, Injunction and the Final Order and Judgment enjoin Defendants from using only reproductions, counterfeits and imitations of the GET LUCKY mark, and do not prohibit use of the other Lucky Brand marks or the word Lucky.[7]  Accordingly, Plaintiff's motion for sanctions is denied.

---

[6]     In fact, Marcel concedes that "the proposed amended complaint alone does not defeat Defendants' Motion [for Summary Judgment]."  (Opp. to Motion for Summary Judgment p. 10.)

[7]     Plaintiff does not allege that Defendants have resumed use of the GET LUCKY mark.

CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted, and Plaintiff's Motions for Leave to File an Amended Complaint and for Sanctions Against Defendants for Contempt are denied. This Memorandum Opinion and Order resolves docket entry nos. 61, 64, and 72. The Clerk of Court is respectfully requested to enter judgment for Defendants and close this case.

SO ORDERED.

Dated: New York, New York
      September 25, 2012

LAURA TAYLOR SWAIN
United States District Judge