UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARCEL FASHIONS GROUP, INC.,             :
                                         :
                Plaintiff,           :
                                         :   1:11-CV-5523 (LTS) (KNF)
        – against –                     :
                                         :
LUCKY BRAND DUNGAREES, INC.,             :
LUCKY BRAND DUNGAREES STORES, INC.,      :
LUCKY BRAND DUNGAREES, LLC,              :   **PLAINTIFF'S SECOND**
LUCKY BRAND DUNGAREES STORES, LLC,       :   **AMENDED COMPLAINT**
LIZ CLAIBORNE, INC.,                     :
KATE SPADE & CO.,                        :
LEONARD GREEN & PARTNERS, L.P., and      :
LBD ACQUISITION COMPANY, LLC,            :
                                         :
                Defendants.          :
----------------------------------------------------------------X

      Plaintiff, MARCEL FASHIONS GROUP, INC. ("**Plaintiff**" or "**Marcel**"), by and through its undersigned counsel of record, as and for its First Amended Complaint against LUCKY BRAND DUNGAREES, INC. ("**LB Inc.**"), LUCKY BRAND DUNGAREES STORES, INC. ("**LS Inc.**"), LUCKY BRAND DUNGAREES, LLC ("**LB LLC**"), LUCKY BRAND DUNGAREES STORES, LLC ("**LS LLC**"), LIZ CLAIBORNE, INC. ("**LIZ**"), *intermittently known as* FIFTH & PACIFIC, INC. ("**FNP**"), *now known as* KATE SPADE & CO. ("**KATE**"), LEONARD GREEN & PARTNERS, L.P. ("**LGP**"), and LBD ACQUISITION COMPANY, LLC ("**LBD**"), (LB Inc., LS Inc., LB LLC, LS LLC, LIZ/FNP/KATE, LGP and LBD hereinafter collectively, "**Defendants**"), hereby alleges as follows:[1]

---

[1] For ease of reference and so as to avoid confusion as to which Defendants are new, which are old, by grouping each respective set of Defendants separately, as follows: while "Defendants" shall continue to be to refer only to all named Defendants herein (as they appear in the caption above), (1) LB Inc., LS Inc. and LIZ shall hereinafter collectively be referred to as the "**Original Defendants**"; and (2) all four (4) of the newly named defendants (added to and included in the caption of this action here, above, for the first time (*i.e.*, those not named in the original 2011 Complaint, namely, LB LLC, LS LLC, LGP and LBD, shall hereafter collectively be referred to as the "**New Defendants**", whom Plaintiff seeks to joins as new defendants herein, *via* this Amended Complaint, based on facts adduced re: Defendants' corporate structure, which has changed drastically since 2011).

## NATURE OF THE ACTION

1. The above-named Defendants, and the Original Defendants in particular, have continued their pattern of infringement of Plaintiff's GET LUCKY trademark (U.S. Trademark Registration No. 3,890,282) by continuing to use the very same trademarks that were originally attached to the Final Order and Judgment at the close of the 2005 Action as Exhibits to such Judgment, as well as Defendants' use of other, equally offensive and similarly infringing derivatives, variations and colorable imitations thereof (hereinafter, collectively referred to as the "**Lucky Brand Marks**"), in commerce.

2. Defendants' willful infringement of Plaintiff's Mark has continued, apparently without interruption, notwithstanding that this Court has already determined that Defendants' collective use(s) of the LUCKY BRAND Marks constitutes, *inter alia*, federal trademark infringement (in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114), and federal unfair competition and false designation of origin (in violation of Section 42(a) of the Lanham Act, 15 U.S.C. § 1125(a)).

3. This finding and determination of infringement resulted in this Court's granting a "permanent injunction against [the Original Defendants] forbidding them from ever 'using in commerce any reproduction, counterfeit, copy or any colorable imitation of [Plaintiff's] GET LUCKY [Mark] on or in connection with men's and women's apparel, fragrances, and accessories."[2]

4. Furthermore, a jury, the Court, and the parties (after negotiation), agreed, and already determined that Lucky Brand and Claiborne "shall pay to [Plaintiff] the [sum of] $300,000 in [compensatory and punitive] damages … ." *Id.*, at p. 6. Notwithstanding the clear and unequivocal Court Orders rendered by this Court, after a full, successful, trial on the merits of Plaintiff principal claims, Defendants have continued to infringe on Plaintiff's GET LUCKY Mark in the identical manner that resulted in a declaratory judgment, and Final Order and Judgment.

---

[2] *See* Final Order and Judgment, dated May 28, 2010 and filed June 1, 2010 (the "**Final Judgment**") (a true and correct copy of which is collectively annexed hereto along with the Exhibits thereto that contain the USPTO Registrations for the above-noted Lucky Brand Marks, as **Exhibit "A"**), at pp. 2-3 (*citing* this Court's Order Granting Partial Summary Judgment and Injunction to Plaintiff (in the 2005 Action), filed April 22, 2009, at p. 3).

5. All Defendants named in the proposed modified caption above (both new and original alike) were fully aware that this Court entered a Final Order and Judgment and decided that Defendants Lucky Brand and Claiborne's uses of the LUCKY BRAND Marks constituted, *inter alia*, federal trademark infringement and federal unfair competition and false designation of origin, and even so, the Individual Defendants personally took part in carrying out and facilitating the ongoing continued infringement, as well as the unauthorized and unapproved new uses of the LUCKY BRAND Marks.

6. Based upon the prior findings of this Court as set forth in detail below, upon learning that, not only were Defendants continuing to infringe Plaintiff's GET LUCKY Mark, but additional parties were complicit in such continuing acts of infringement, including all parties named herein, specifically, those parties expressly defined above as "New Defendants" (*see* ¶ 1, *supra*, n. 1), and which include, two (2) Lucky-affiliated "LLC" entities (**LB LLC** and **LS LLC**), **LGP** (the new owners of the Lucky Brand Marks and business; *see* "Parties," *infra* at ¶¶ 11-18), Plaintiff – which remains the rightful owner of the GET LUCKY Mark – was left with no recourse other than to commence this action, whereby Plaintiff seeks damages, and to preliminarily and permanently enjoin Defendants from continuing to use the LUCKY BRAND Marks, in connection with men's and/or women's apparel, fragrances and accessories, based upon the claims set forth below.

7. By and through this Amended Complaint, which Plaintiff hereby respectfully submits – based on the language of this Court's June 25, 2015 PC Order, as well as that of the final Decision rendered by U.S. Second Circuit Court of Appeals on February 25, 2015, whereby the Second Circuit made clear that Plaintiff should be permitted to amend its Complaint (originally sought by Plaintiff in or around December 2011), <u>as of right</u>; and also seeks to recover any and all monetary damages recoverable to the fullest extent of the law in connection with and as remuneration for Defendants' acts of willful infringement and unfair competition, including (a) profits, (b) reasonable royalties (c) punitive damages; (d) treble damages (e) reasonable attorneys' fees; and (f) reasonable costs incurred by Plaintiff.

## JURISDICTION AND VENUE

8. This is an action at law and equity for trademark infringement and unfair competition and false designation of origin arising under: (a) Section 32 of the Lanham Act, 15 U.S.C. § 1114; and (b) unfair competition and false designation of origin under (i) Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and (ii) New York State common law. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to: (a) Section 39 of the Lanham Act, 15 U.S.C. § 1121; (b) 28 U.S.C. §§ 1331, 1338; and (c) 28 U.S.C. § 1332(a). This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. § 1367, under principles of pendent jurisdiction.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2), because all named Defendants either reside or have principal executive- and/or headquarter-offices and continuous systematic operations within this judicial district, and because a substantial portion of the actions, events and/or occurrences giving rise to this action have occurred within this judicial district.

## THE PARTIES

10. Plaintiff Marcel is a Florida corporation with its principal place of business in the Southern District of Florida, but which maintains offices and conducts business in this judicial district.

11. Defendant Lucky Brand Dungarees, Inc. is a Delaware corporation, licensed to do business within the State of New York, with its principal office located at 1 Claiborne Avenue, North Bergen, New Jersey 07047 and having additional executive offices within the County of New York.

12. Defendant Lucky Brand Dungarees Stores, Inc. is a Delaware corporation licensed to do business within the New York State, with its principal executive office located at 1 Claiborne Avenue, Tax Dept. 8th Fl., North Bergen, New Jersey 07047, and has executive offices in New York County.

13. Defendant Lucky Brand Dungarees, LLC is a Delaware limited liability company licensed to do business within the State of New York, with its headquarters located at 540 S. Santa Fe Avenue, Los Angeles, California 90013, and having additional executive offices (including the headquarters of its wholly-owned subsidiary, identified below) in New York County. *See* ¶ 17, *infra*.

14. Defendant Lucky Brand Dungarees Stores, LLC, a Delaware limited liability company licensed to do business within the State of New York, with its principal, headquarter offices located at 1441 Broadway, New York, New York 10018, within the County of New York, and is a wholly-owned subsidiary of its ultimate parent company, Lucky Brand Dungarees, LLC. *See* ¶ 16, *supra*.

15. Defendant Kate Spade & Co., *formerly known as* Liz Claiborne, Inc. *and subsequently,* (however intermittently or temporarily) *known as* Fifth & Pacific, Inc., but is indisputably and by its own admissions (including but not limited to Kate's SEC filings such as its most recent 10-K filed with the SEC reporting annual earnings, issued and published March 3, 2015) **is, in fact, the stated successor** (or "*successor-in-interest*") to the entity formerly known as Liz Claiborne, Inc.) is a Delaware corporation, licensed to do business in New York State, and has its principal executive office at 2 Park Avenue, New York, New York 10016, within the County of New York.

16. Defendant Liz Claiborne, Inc., as set forth above (see ¶ 15, *supra*), is firmly believed by Plaintiff to be the predecessor-in-interest to defendant Kate Spade &Co., and is a Delaware corporation licensed to business within the State of New York, with its principal executive offices located at 1441 Broadway, New York, New York 10018 (New York County).

17. Defendant Leonard Green & Partners, L.P. is a U.K.-based private equity firm/holding company, with its principal, headquarter offices located at 11111 Santa Monica Boulevard, Los Angeles, California 90025, and is a parent-affiliate and financier of all the "Lucky" named Defendants identified above, who formally acquired the Lucky Brand Companies on February 3, 2014 *via* the use of an intermediary-affiliate company, identified in detail below, but generally and legally known as LBD Acquisition Company, LLC. *See* ¶ 20, *infra*.

18. Defendant LBD Acquisition Company, LLC is a Delaware limited liability company and publicly disclosed affiliate of Leonard Green & Partners, which may or may not be licensed to do business within the State of New York, and, upon information and belief, does maintain at least one (1) office within the State, City and County of New York, but which, importantly, parent-Defendant Kate

5

Spade & Co. has affirmatively stated in its SEC filings,[3] that "the <u>successor</u> of LBD Acquisition, [is] Lucky Brand Dungarees, LLC - the very same entity and newly named defendant identified above in the instant Amended Complaint, at paragraph 16, *supra*, and, is located at or has principal executive offices at The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 (<u>File # 5444498</u>).

**FACTS COMMON TO ALL CLAIMS**

**This Court Has Already Determined that Defendants' Unauthorized, Unlawful, and Unapproved Use of the LUCKY BRAND MARKS Constitutes Infringement**

19.    Since as far back as 1998, Original Defendants have aggressively targeted, singled out and relentlessly pursued Marcel as part of a spirited corporate campaign designed to bully and intimidate the competition (however small by comparison) and have sustained a constant attack on Marcel at every turn in an attempt to appropriate the rights to the LUCKY BRAND and GET LUCKY Marks.

20.    In 2005 the Original Defendants commenced a civil action against Plaintiff Marcel (among others) in the U.S. District Court for the Southern District of New York entitled, *Lucky Brand Dungarees, Inc. et al. v. Ally Apparel Resources LLC et al.*, No. 05-CV-6757.

21.    Plaintiff counterclaimed, and after five (5) years of voluminous discovery exchange (that resulted in severe sanctions against certain of the Defendants) and substantial motion practice, the Court rendered the Final Order and Judgment on May 28, 2010, which was entered June 1, 2010. *See* **Exh. A**.

22.    The jury found, and the subsequent Final Order and Judgment affirmed that, *inter alia*:

     5.    Lucky Brand Parties infringed Marcel Fashion's GET LUCKY trademark (Reg.

---

[3] Including but not limited to its annual "10-K" earnings report as published by Kate Spade & Co. on March 3, 2015, in which the public parent company's "management and analysis of the company's financial condition" are set forth in detail for both the SEC and shareholders alike, which, notably, is also publicly available online *via* the EDGAR/SEC online interface. *See id.*, at Item 7 (re: "*Recent Developments and Operational Initiatives*"). *See* MarketWatch.com's republication of Kate Spade & Co.'s most recent 10-K annual earnings report, publicly available for free viewing at the following web address: http://www.marketwatch.com/story/10-k-kate-spade-co-2015-03-03. Based on counsel's initial due diligence regarding the specific issue of Defendants' corporate structure - which has irrefutably changed and drastically so, particularly so over the course of the instant litigation, which began in 2011 at or around the time that Liz Claiborne, Inc. and the Lucky Brand parties originally named began implementing their grand design for a carefully structured and strategically achieved top-down corporate reorganization, it would appear that the LBD Acquisition entity was and is a "single-purpose" entity created solely to effectuate and execute the leveraged acquisition discussed in detail herein and below.

      No. 2,765,974) pursuant to Counterclaim II (Reverse Confusion), Counterclaim III (Federal Unfair Competition) and Counterclaim VII (Common Law Trademark Infringement) by using GET LUCKY, the LUCKY BRAND trademarks and any other trademarks including the word "Lucky" after May 2003.

    6. For Lucky Brand Parties' infringement of Marcel Fashion's GET LUCKY trademark on men's and women's t-shirts and on women's long sleeved shirts, and for their breach of the settlement agreement by using GET LUCKY in connection with fragrance advertising, Marcel Fashion is awarded $10,000 in compensatory damages, and $140,000 in punitive damages.

    7. For Lucky Brand Parties' infringement of Marcel Fashion's GET LUCKY trademark by their use of GET LUCKY, the LUCKY BRAND trademarks and any other marks including the word 'Lucky' after May 2003, Marcel Fashions is awarded $10,000 in compensatory damages, and $140,000 in punitive damages.

**Exhibit A**, at pp. 5-6, ¶¶ 5-7.

    23.    In short, the Original Defendants were found liable under federal statutory and New York State common law; for Defendants' use of the GET LUCKY and the LUCKY BRAND Marks in connection with their clothing, apparel, accessory and fragrance business was found to infringe upon Plaintiff's rights therein.

## Defendants' Unlawful Acts Stand in Direct Violation of The Court's Final Order and Judgment

    24.    Despite the Final Order and Judgment's entry on June 1, 2010, as well as Defendants' full knowledge of the nature and scope of Plaintiff's rights confirmed thereby, Defendants have continued to willfully infringe upon Plaintiff's GET LUCKY Mark by using the LUCKY BRAND Marks in the identical manner and form, and in connection with the identical goods for which they were found liable for trademark infringement by this Court.

    25.    Despite having been found liable for infringement, and having been required to pay punitive damages for such infringement, remarkably, Defendants continue to this day to use the LUCKY BRAND Marks in the identical manner that was found to be infringing upon Plaintiff's rights and interest in the GET LUCKY Mark, and which directly violates the declaratory judgment of infringement set forth in the Final Judgment. *See* **Exhibit A**, pp. 2-3, and 5, ¶ 1.

26.     Notwithstanding, Defendants have failed and refused to cease and desist their infringing misconduct, which has already caused Plaintiff irreparable harm.

27.     Defendants' annual sales (upon information and belief) are in excess of $400,000,000 per year, and exceed $2,000,000,000 (Two Billion Dollars) and Defendants have profited considerably from using the LUCKY BRAND Marks in violation of Plaintiff's rights.

28.     The Final Judgment plainly states that:

> [O]n April 19, 2010, the Court ruled that [Plaintiff] is the owner of the GET LUCKY trademark … , that the GET LUCKY trademark is valid and enforceable, that the mark is inherently distinctive and not generically descriptive or requiring secondary meaning, and that [Plaintiff] did not abandon the mark, and that [Plaintiff]'s GET LUCKY trademark … was registered and used prior to [Defendants Lucky Brand and Claiborne]'s use and registration of any of the [Fraudulent Marks (*see* ¶ 50, *infra*)].

**Exhibit A**, at pp. 4-5.

29.     The Court also found that Defendants use of the LUCKY BRAND Marks infringed upon Plaintiff's GET LUCKY Mark pursuant to Plaintiff s reverse confusion claim, its federal unfair competition claim, and its common law infringement claim, by using the LUCKY BRAND Marks and other confusingly similar marks or source identifiers containing the word "Lucky" after 2003.  *Id.*, ¶ 5.

30.     Despite the Court's entry of the Final Judgment, Defendants have continued their uninterrupted and willful infringing use of the LUCKY BRAND Marks, in addition to certain other confusingly similar trademarks and/or source identifiers containing the word "Lucky," which practice has already been adjudicated as constituting trademark infringement and unfair competition.  *See id.*

31.     Defendants operate some 180 stores, make prevalent use of the LUCKY BRAND Marks in connection with their: online sales catalogs; magazine advertisements; radio spots; web-ads; and other media, and have continued to saturate the market with their wide range of products, advertisements, promotional and marketing materials bearing or otherwise making use of the LUCKY BRAND Marks to such a degree that Plaintiff is no longer able to control the goodwill of its own GET LUCKY Mark.

32.     As a result, Plaintiff has been unable to expand its business through appropriate license

agreements, and is continued to be perceived as the "junior user" who is "knocking off" Defendants.

33. Importantly, Plaintiff was awarded a permanent injunction against the Original Defendants by virtue of their breach of a previous 2003 settlement agreement, prior to the entry of the Final Judgment that is unmistakably referenced, reiterated and even quoted in the Final Judgment itself:

> [O]n April 22, 2009, the Court granted a permanent injunction against [Defendants Lucky Brand and Claiborne] forbidding them from ever "using in commerce any reproduction, counterfeit, copy or colorable imitation [Plaintiff's]'s GET LUCKY trademark on or in connection with men's and women's apparel, fragrances, and accessories." *Id.*, at pp. 2-3.

34. Plaintiff, after entry of a Final Order and Judgment, was awarded final injunctive relief, and damages that vindicated Marcel as the "senior user" of the GET LUCKY Mark, and, after twelve (12) years of near constant litigation and harassment, and Plaintiff's expenditure of millions of dollars on legal fees, Plaintiff was finally, fairly and fully determined to be the rightful senior user of the GET LUCKY Mark. Defendants negotiated and consented to the entry of that Final Order and Judgment.

35. Upon information and belief, Defendants have made substantial sales since June 1, 2010, and have reaped a considerable profit based on their new and continued uses of the LUCKY BRAND Marks and certain other confusingly similar trademarks and/or source identifiers containing the word "Lucky," which has already been deemed to constitute infringement and unfair competition. *Id.*, at ¶ 5.

36. Since June 1, 2010, Defendants' continued use of the LUCKY BRAND Marks and certain other confusingly trademarks and/or source identifiers containing the word "Lucky" in the identical fashion in which they used the marks at the time the Final Order and Judgment was entered.

37. Despite actual knowledge of the Final Judgment's entry, and said use has thus been willful and with utter disregard not only of Plaintiff's senior rights in the marks, but also in violation of the declaratory judgment entered, despite having been agreed to and negotiated between the parties, their predecessors, and is binding on their successors.

38. Defendants have made no effort to transition from the use of the LUCKY BRAND Marks or any other confusingly similar trademark and/or source identifier containing the word "Lucky," to a

new mark that is not infringing upon Plaintiff's well-established rights.

39. The Defendants were fully aware that a Final Order and Judgment was entered, and that Defendants Lucky Brand and Claiborne's uses of the LUCKY BRAND Marks constituted infringement.

40. Defendants' counsel has admitted, on several occasions, and at oral argument before the Second Circuit Court of Appeals, that the Final Order and Judgment contains a finding that Defendants use of the LUCKY BRAND Marks was found to be infringing on the rights of Plaintiff.

41. Defendants, corporately and individually, personally took part in carrying out an ongoing campaign of willful infringement by authorizing and approving the continued use of the LUCKY BRAND Marks, and knowingly authorized and approved Defendants Lucky Brand and Claiborne's use of the LUCKY BRAND Marks, in connection with the goods and services as stated in the trademark registrations that are attached to the Final Order and Judgment.

*42.* Defendants have utterly and willfully defied their obligation to cease any further use of the infringing marks, and continue to this day to infringe upon Marcel's Mark by using the LUCKY BRAND Marks and any other confusingly similar trademark or source identifier containing the word "Lucky," which has already been deemed to constitute infringement and unfair competition. *See id.*

43. On information and belief, Defendants will not cease their continued infringing uses of the LUCKY BRAND Marks and/or any other confusingly similar trademark and/or source identifier including the word "Lucky," absent a direct and definitive decision and order from the Court that clearly and unequivocally holds Defendants are permanently enjoined from continuing such infringing use.

44. Defendants are liable to Plaintiff for any and all profits, and a reasonable royalty, reaped from their sales of clothing and other products contained in the description of the goods and services of the varied trademark registrations owned by Defendants and cited in the Final Judgment. *Id.,* at pp. 4-6.

45. Defendants' use of the LUCKY BRAND Marks in connection with the goods referenced in Defendants' trademark registrations (attached to the Final Judgment as Exhibits, *see, e.g.*, **Exhibit A**) continue to be used by Defendants on the same and identical goods that were being sold at the time that

the Final Order and Judgment was entered by the Court.

46. Defendants have used and continue to use the LUCKY BRAND Marks and certain other confusingly similar trademarks and/or source identifiers containing the word "Lucky" without the permission, authorization or approval of Plaintiff, in complete and direct violation of the Final Judgment.

47. Defendants' unlawful conduct described above not only constitutes trademark infringement and unfair competition, but also constitutes blatant contemptuous misconduct of the highest order, as such misconduct was carried out knowingly and purposefully in violation of the Court's direct orders. Defendants' counsel has admitted that it has continued to use the LUCKY BRAND Marks in the identical fashion, and on the same goods that they used the LUCKY BRAND Marks on at the time of entry of the Final Order and Judgment, and did so while admittedly knowing that the use was already deemed to be infringing, and because the Final Order and Judgment did not specifically enjoin such conduct. These admissions were made to support an argument that Plaintiff's claims are barred by res judicata. (An argument rejected by the Second Circuit).

48. As a result of Defendants' willful and calculated refusal to even feign compliance with the Final Order and Judgment, in addition to other extreme and contumacious misconduct of the highest order, there can be no doubt that Defendants are at a minimum, guilty of, and liable for, infringement for knowingly and willfully dishonoring and disobeying the clear and unequivocal directives of the Court in the Final Order and Judgment.

49. All conditions precedent to Plaintiff's claims have been satisfied and/or waived.

50. Plaintiff has engaged the services of the undersigned counsel to represent it in this action and is obligated to pay its attorneys a reasonable fee for their services rendered in connection herewith.

**AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR
REVERSE CONFUSION/TRADEMARK INFRINGEMENT
<u>AS AGAINST ALL DEFENDANTS</u>**

51. Plaintiff repeats, realleges, reavers and incorporates paragraphs 1 through 50 above as if fully set forth herein.

52. This is an action for reverse confusion, false designation of origin, and unfair competition under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Defendants are causing a likelihood of confusion, reverse confusion, and common law trademark infringement.

53. Without the consent of Plaintiff, Defendants are using the LUCKY BRAND Marks and other trademarks and/or source identifiers containing the word "Lucky" in direct violation of the Final Order and Judgment.

54. Defendants have sold clothing under the LUCKY BRAND Marks and other confusingly similar trademarks and/or source identifiers and continue to do so with willful disregard for the rights of Plaintiff, which were clearly established at trial, resulting in the entry of the Final Order and Judgment which, among other things, unequivocally found and held that Defendants' acts constituted reverse confusion.

55. Defendants' deliberate and willful misconduct has caused and will continue to cause irreparable injury to Plaintiff and its GET LUCKY Mark absent this Court's awarding damages, and granting the preliminary and permanent injunctive relief requested herein – damages for which Plaintiff has no adequate remedy at law.

**AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF
FOR FEDERAL UNFAIR COMPETITION
<u>AS AGAINST ALL DEFENDANTS</u>**

56. Plaintiff repeats, realleges, reavers and incorporates paragraphs 1 through 55 above as though set forth in full herein.

57. Pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and Defendants acts constitute unfair competition and false designation of origin.

58.     Defendants use' of the LUCKY BRAND Marks and other confusingly similar marks or source identifiers containing the word "Lucky," in connection with the sale, offering for sale and/or advertising for sale Defendants' products constitutes unfair competition and false designation of origin, causing a likelihood of confusion as to the source or sponsorship of Defendants' goods and services.

59.     Defendants' use of the LUCKY BRAND Marks in connection with the sale, offering for sale, distribution, and advertisement of Defendants' products are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, as to the origin, sponsorship or approval of their goods by Plaintiff.

60.     Defendants' use of the LUCKY BRAND Marks and other confusingly similar trademarks or source identifiers including the word "Lucky" is causing and will continue to cause severe damage to Plaintiff, including without limitation, irreparable harm for which there is no adequate remedy at law.

61.     Defendants' misconduct and misuse of the LUCKY BRAND Marks or any other confusingly similar mark(s) or source identifier(s), absent this Court's granting the preliminary and permanent injunctive relief requested here – damages for which Plaintiff has no adequate remedy at law.

62.     Defendants' willful misuse of the LUCKY BRAND Marks has caused and will continue to cause irreparable harm to Plaintiff and its GET LUCKY Mark absent this Court's awarding damages, and granting the preliminary and permanent injunctive relief requested here – damages for which Plaintiff has no adequate remedy at law.  Defendants' use of the LUCKY BRAND Marks is identical to the use found to be infringing and subject to the Final Order and Judgment.

### AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF
### FOR COMMON LAW TRADEMARK INFRINGEMENT
### AS AGAINST ALL DEFENDANTS

63.     Plaintiff repeats, realleges, reavers and incorporates paragraphs 1 through 60 above as though fully set forth in full herein.

64.     Defendants' conduct described herein constitutes common law trademark infringement and unfair competition under New York State common law.

65.     Defendants' misconduct described above was undertaken willfully and intentionally, and has caused and is continuing to cause damages, and irreparable injury for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff requests a final order and judgment to issue from this Court as follows:

**(A)**   Preliminarily or temporarily enjoining and restraining Defendants, and their employees, heirs, attorneys, successors, affiliates, representatives, dealers, distributors, assigns, and all persons or corporate entities acting by, under, or in connection with Defendant, from:

(i)    Imitating, copying, using, reproducing, displaying or authorizing any third party to imitate, copy, use, reproduce, or display the LUCKY BRAND Marks, or any marks and/or source identifiers confusingly similar thereto, business name, domain name or other indicia of origin, including but not limited to "LUCKY" "LUCKY BRAND" and variations thereof, in manner or form, alone or in combination with any words or designs, and from using any variation, reproduction, counterfeit, copy, colorable imitation, or simulation of "LUCKY" in connection with the manufacture, importation, distribution, display, advertisement, promotion, sale, offering for sale, or providing of any men's and women's apparel, fragrances, and accessories;

(ii)   Using in any way any false designation of origin or false description, or performing any act that can, or is likely to mislead members of the trade or public to believe that a product or service offered by Defendants is in any manner associated or connected with Plaintiff, or sponsored, approved or authorized by Plaintiff, or otherwise misleading the public to believe that Plaintiff is associated with or attempting to mislead an association between the Marks;

  (iii) Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights to and interests in its GET LUCKY Mark; and

  (iv) Assisting, authorizing, aiding or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs **(i)** through **(iii)**.

**(B)** Directing that Defendants deliver to Plaintiff within five (5) days following entry of judgment in Plaintiff's favor, all articles, conduits, vehicles and/or instruments of Defendants' infringing conduct, including the following non-exhaustive illustrative list of examples of such items: any and all goods; products; promotional, informational and/or advertising materials, literature or writings (including but not limited to any and all promotional or informational flyers, pamphlets, inserts, packing slips, etc.); any physical or tangible objects or other manifestations and/or demonstrations of Defendants' infringing misconduct, including without limitation any cartons, boxes, containers, labels, wrappers, advertisements, promotional materials, brochures, catalogs, signs, point-of-sale displays, literature, stationary, pamphlets business cards, flyers and/or any and all other materials, objects, literature, writings, or any other physical matter in Defendants' care, custody, control or possession, also including but not limited to any simulations, variations or colorable imitations of the GET LUCKY, LUCKY, or LUCKY BRAND Marks or which could be used to reproduce the same.

**(C)** Directing that within five (5) days after entry of judgment, Defendants delete, remove and expunge any and all references to Defendants' LUCKY BRAND Marks, or any other trademarks or source identifiers confusingly similar thereto, from all sales, advertising, and promotional materials, including but not limited to use on or in connection with Internet website(s) and/or domain name(s).

**(D)** Directing such other relief as this Court may deem just, warranted and appropriate to correct any erroneous impression among the trade and purchasing public, created by Defendants'

acts, that any product(s) manufactured, displayed, advertised, offered for sale, sold or promoted by Defendants bearing the LUCKY BRAND Marks or other marks or source identifiers confusingly similar thereto, is related in any way to Plaintiff, or vice versa.

**(E)** Directing that Defendants file with this Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

**(F)** Directing the Trademark Office pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, to cancel each and every one of the LUCKY BRAND Marks;

**(G)** Awarding Plaintiff an accounting of royalties due, if any, and such damages as it has sustained or will sustain by reason of Defendants' trademark infringement, unfair competition and false designation of origin, all gains, profits and advantages derived by Defendants from such conduct; and pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, damages in an amount of up to three (3) times the actual amount of such damages, as a result of Defendants' willful violation of the Lanham Act and Plaintiff's rights.

**(H)** Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as this Court deems just, warranted and appropriate under the circumstances of this action.

**(I)** Granting Plaintiff such other, different and further relief as this Court deems just, warranted and appropriate under the circumstances of this action.

Dated: New York, New York
October 22, 2015

THE LAW OFFICES OF
MATTHEW A. PEK, ESQ.

By:   /s/   Matthew A. Pek
     **Matthew A. Pek, Esq.**
387 Grand Street, Suite K-203
Tel.:     (917) 913-3364
Email:    Peksquire@gmail.com

*Counsel of Record for Plaintiff*
*Marcel Fashions Group, Inc.*