UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARCEL FASHIONS GROUP, INC.,

     Plaintiff,

  -v-                                                          No.  11 CV 5523-LTS

LUCKY BRAND DUNGAREES, INC., et al.,

     Defendants.

--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

This case is the latest round of litigation in a long-running trademark dispute between Plaintiff Marcel Fashions Group, Inc. ("Marcel") and Defendants Lucky Brand Dungarees, Inc., Lucky Brand Dungarees Stores, Inc., Lucky Brand Dungarees, LLC, Lucky Brand Dungarees Stores, LLC, Kate Spade & Co., and Leonard Green & Partners, L.P. (collectively, "Defendants" or "Lucky Brand").  Marcel, the owner of the trademarked phrase GET LUCKY, and Lucky Brand, the owner of several trademarked phrases that contain the term "lucky" (including the trademarked phrase LUCKY BRAND), have each accused the other of trademark infringement in a series of lawsuits stretching back to 2001.  The instant dispute follows a Final Order and Judgment of this Court entered in Lucky Brand Dungarees, Inc. v. Ally Apparel Resources LLC, No. 05 CV 6757, on June 1, 2010, which resolved, after summary judgment determinations and a jury trial, a prior iteration of the trademark disputes between these parties (Marcel, a named defendant in that case and a party to the Final Order and Judgment, prevailed on certain of its counterclaims).

Less than a year after the Final Order and Judgment was entered, Marcel filed the

instant suit, alleging continuing infringement by Lucky Brand in violation of the judgment. Currently before the Court is Lucky Brand's motion to dismiss the operative Second Amended Complaint (docket entry no. 137 ("SAC")) on the grounds that Marcel's claims are precluded by a 2003 settlement agreement between the parties. The Court has carefully considered the parties' submissions and, for the reasons that follow, the motion to dismiss is granted.

BACKGROUND

The Court assumes the parties' familiarity with the full history of this dispute; the following relevant facts, drawn from the SAC and the public record, are taken as true for the purposes of the instant motion practice.

In 2001, Marcel sued Lucky Brand in the Southern District of Florida, alleging that Lucky Brand's use of the phrase "Get Lucky" in advertising was infringing on Marcel's GET LUCKY trademark. (See Declaration of Dale M. Cendali ("Cendali Dec."), Ex. A ("Settlement Agreement"), at pp. 1-2.) The Florida litigation was resolved in 2003 when the parties entered into the Settlement Agreement,[1] which included a release by Marcel of "any and all claims arising out of or in any way relating to Lucky Brand's rights to use, license, and/or register the trademark LUCKY BRAND and/or any other trademarks, trade names, brands, advertising slogans or tag lines owned, registered and/or used by Lucky Brand . . . as of the date of this Agreement." (Id. at ¶ 8(e).) There is no dispute as to the universe of trademarks owned by Lucky Brand prior to the 2003 Settlement Agreement, which includes the mark LUCKY

---

[1] Because the Settlement Agreement is explicitly referenced in the SAC, at ¶ 22 and ¶ 33, and in the Final Order and Judgment attached as an exhibit to the SAC, Ex. A at pp. 2-4 & ¶ 6, the Court considers it incorporated by reference into Plaintiff's pleadings and appropriately considered as part of the instant motion practice. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

BRAND.[2]  (SAC Ex. A (Final Order and Judgment), at Ex. 1.)  The Settlement Agreement also provided that Lucky Brand would not use the phrase "Get Lucky" in the future.  (Settlement Agreement ¶ 7.)

In 2005, Lucky Brand sued Marcel and Ally Apparel Resources LLC ("Ally"), among other defendants, alleging that Marcel's license of the trademark GET LUCKY to Ally, and Ally's use of GET LUCKY, infringed Lucky Brand's trademarks, including LUCKY BRAND.  (Final Order and Judgment, at 1.)  Marcel counterclaimed, alleging that Lucky Brand was infringing on its GET LUCKY mark and had violated the 2003 Settlement Agreement by using the phrase "Get Lucky" on products and in advertising.  (Id. at 2.)  Lucky Brand moved to dismiss those counterclaims, asserting that the res judicata effect of the 2003 Settlement Agreement precluded Marcel's allegations of infringement.  Lucky Brand Dungarees Inc. v. Ally Apparel Resources LLC, No. 05 CV 6757, docket entry no. 64, Memorandum Opinion and Order, at p. 1 (Dec. 20, 2006) (the "2006 Opinion").[3]  This Court denied Lucky Brand's motion to dismiss without prejudice because Marcel's counterclaims included allegations based on Lucky Brand marks registered after the 2003 Settlement Agreement was signed; under those circumstances, "the Court [could not] say at this stage that all of the relevant aspects of the disputed counterclaims were raised or could have been raised prior to the 2003 dismissal and settlement of the Florida litigation."  Id. at p. 3.

---

[2]   The Lucky Brand trademark registrations that are covered by the Settlement Agreement are Nos. 1,646,123; 1,739,962; 2,129,881; 2,158,107; 2,306,342; 2,330,052; 2,381,638; 2,383,437; 2,400,358; 2,469,997; and 2,686,829 (the "Pre-2003 Marks").  (SAC Ex. A, at Ex. 1.)

[3]   The December 20, 2006 Memorandum Opinion and Order is published in incomplete form (omitting page 3 of the document, which sets forth the Court's holdings as to Lucky Brand's res judicata argument) at 2006 WL 3771005.

In late 2007, the Court denied a motion for summary judgment by Defendants, including Marcel, which involved a different aspect of the 2003 Settlement Agreement: a clause barring the litigation of claims arising on or before the date of the Settlement Agreement.  Lucky Brand Dungarees Inc. v. Ally Apparel Resources LLC, No. 05 CV 6757, docket entry no. 148, Order (Nov. 16, 2007) (the "2007 Order").  In the 2007 Order, the Court held that Lucky Brand's claims in the 2005 litigation were not precluded because they were based on events arising at least a year after the 2003 Settlement Agreement had been concluded.  Id. at pp. 1-2.

Lucky Brand did not renew its contention that Marcel's counterclaims were precluded by paragraph 8(e) of the 2003 Settlement Agreement, and the case proceeded to a jury trial on, inter alia, Marcel's counterclaim of infringement.  (See Final Order and Judgment, p. 4; SAC ¶ 1.)  The jury returned a verdict that included, inter alia, a finding of fact that Lucky Brand "infringed Marcel Fashion's 'Get Lucky' mark by using 'Get Lucky,' the 'Lucky Brand' marks and any other marks including the word 'Lucky' after May 2003."  (SAC ¶ 22.)  Following the jury verdict, the parties jointly drafted the Final Order and Judgment, which included the finding that "Lucky Brand Parties infringed Marcel Fashion's GET LUCKY trademark . . . by using GET LUCKY, the LUCKY BRAND trademarks, and any other trademarks including the word 'Lucky' after May 2003."  (Final Order and Judgment, at ¶ 5.)  The Final Order and Judgment was signed and entered by this Court on June 1, 2010.  (No. 05 CV 6757, docket entry no. 248.)

On April 29, 2011, Marcel filed its original complaint in this action,[4] alleging that Lucky Brand "continued to willfully, and with full knowledge of [Marcel's] rights, infringe [Marcel's] GET LUCKY mark by using the Lucky Brand marks in the identical manner and

---

[4] This action was initially filed in the Southern District of Florida; Lucky Brand successfully moved to change venue to this Court.  (Docket entry no. 44.)

form and on the same goods for which they were found liable for infringement" in the Final Order and Judgment.  (Docket entry no. 1 (Complaint), at ¶ 15.)  Lucky Brand moved for summary judgment; this Court granted the motion, holding that the Final Order and Judgment precluded this action.  <u>Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.</u>, No. 11 CV 5523, 2012 WL 4450992, at *5 (S.D.N.Y. Sept. 25, 2012).  The Second Circuit reversed, concluding that the Final Order and Judgment did not bar Marcel from bringing this action because it concerns alleged "infringements that occurred subsequent to the earlier judgment."  <u>Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.</u>, 779 F.3d 102 (2d Cir. 2015).

The Second Circuit also discussed the construction of the jury's finding of fact with respect to infringement, noting that the question to which the jury responded in the affirmative "was worded in the conjunctive (*and*) rather than the disjunctive (*or*) . . . [but] did not necessarily mean that Lucky Brand's infringement of Marcel's 'Get Lucky' mark had been manifested not only by using 'Get Lucky,' but also by using the 'Lucky Brand' marks . . . ."  <u>Id.</u> at 112.  Observing that the phrasing of the verdict form had required the jury to answer yes to the compound infringement question even if the only infringement was the use of the GET LUCKY Mark, the Second Circuit concluded that "it is conceivable that the jury's answer . . . represented a finding that Lucky Brand's use of the 'Lucky Brand' marks constituted an infringement," but "the jury's verdict and the Court's Final Order and Judgment did not require . . . forbidding Lucky Brand's use of the 'Lucky Brand' marks."  <u>Id.</u>

After entry of the Second Circuit's mandate (docket entry no. 93), Marcel moved for and received leave to amend its complaint, filing the SAC on October 22, 2015.  The SAC claims infringement of the GET LUCKY mark by Lucky Brand's use of "the very same trademarks that were originally attached to the Final Order and Judgment at the close of the 2005

Action as Exhibits to such Judgment, as well as Defendants' use of other, equally offensive and similarly infringing derivatives, variations, and colorable imitations thereof ( . . . collectively referred to as the 'Lucky Brand Marks.')"  (SAC ¶ 1.[5])  The SAC does not claim that Lucky Brand is using the GET LUCKY mark, but rather that Lucky Brand's continued use of the Lucky Brand Marks infringes rights established by the Final Order and Judgment, in that Lucky Brand has continued to use "the LUCKY BRAND Marks in the identical manner and form, and in connection with the identical goods for which they were found liable for trademark infringement by this Court."  (SAC ¶ 24.)

Lucky Brand timely filed the instant motion to dismiss, asserting that the 2003 Settlement Agreement bars Marcel from maintaining the instant action.  (Docket entry no. 156.)

### DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 556 (2007)).  A complaint that contains only "naked assertions" or "a formulaic recitation of the elements of a cause of action" does not suffice.  Twombly, 550 U.S. at 555, 557.  The Court accepts as true the non-conclusory factual allegations in the complaint and draws all inferences in the Plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

---

[5]  Twelve Lucky Brand trademark registrations are appended to the Final Order and Judgment, documenting the marks that Lucky Brand had contended that Marcel was infringing by using "Get Lucky."  (Final Order and Judgment, at p. 4.)

Marcel's claims in the SAC rest on Lucky Brand's continued use of the twelve Lucky Brand Marks, all but one of which (Mark No. 3,107,591 (the "-591 Mark")) were registered prior to the 2003 Settlement Agreement, and other unspecified marks.  The -591 Mark is a stylized combination of two of the pre-2003 marks, namely Mark No. 2,400,358 (a four-leaf clover) and Mark No. 2,686,829 (the word mark LUCKY BRAND DUNGAREES).  Marcel's claims based on Lucky Brand's use of the eleven pre-2003 marks (i.e., the Lucky Brand Marks other than the -591 Mark) are plainly foreclosed by the Settlement Agreement, in which Marcel released "any and all claims arising out of or in any way relating to Lucky Brand's right to use, license and/or register the trademark LUCKY BRAND and/or any other trademarks . . . registered and/or used by Lucky Brand . . . as of the date of this Agreement."  (Settlement Agreement, ¶ 8(e).)  Lucky Brand's use of the -591 Mark is also precluded by the terms of the Settlement Agreement, because the -591 Mark is plainly a combination of two marks covered by the Settlement Agreement, and Marcel's agreement to release claims "arising out of or in any way relating to" the pre-2003 marks covered by the Settlement Agreement logically extends to combinations of those marks, like the -591 Mark.  Reading the Settlement Agreement to exclude combinations like the -591 Mark would effectively read the "in any way relating to" language out of the Settlement Agreement.

Marcel argues that Lucky Brand's reliance on the Settlement Agreement is barred by the res judicata or collateral estoppel effect of this Court's decisions during the 2005 Litigation and the Final Order and Judgment.  These arguments fail for several reasons.

The doctrine of res judicata, or claim preclusion, applies where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [plaintiff] or those in privity with [him]; (3) the claims asserted in the subsequent action were, or could have

been raised, in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir.2000). Collateral estoppel, or issue preclusion, also operates to bar relitigation of issues that have been determined in a prior action, "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in an earlier action." LaFleur v. Whitman, 300 F.3d 256, 271 (2d Cir.2002) (internal quotation marks and citations omitted).

    Marcel's reliance on the Court's 2007 Order denying a summary judgment motion based on the post-Settlement Agreement accrual of claims is misplaced. That decision construed a provision of the Settlement Agreement that barred claims "by reason of or arising out of any matter, cause or event occurring on or prior to the date" the Settlement Agreement was signed. (Settlement Agreement ¶ 9.) That provision, whose parameters were plainly set by the timing of events underlying the claims, is entirely different from the one on which Lucky Brand relies here. Section 8(e) of the Settlement Agreement, which Lucky Brand invoked in its motion to dismiss, rests on the nature, not the timing, of the claim. It precludes litigation of any and all claims "arising out of or in any way relating to Lucky Brand's rights to use, license and/or register the trademark LUCKY BRAND and/or any other trademarks . . . owned, registered and/or used by Lucky Brand . . . as of the date of this [2003] agreement," and further provides that "[n]o claims of any kind are reserved." The release provision on which Lucky Brand's defense turns thus is not bound by temporal parameters, and the Court's 2007 Order does not preclude its application.

    The 2006 Opinion, in which the Court did address Section 8(e), was not a final determination of the parties' rights thereunder, and thus is not preclusive of Lucky Brand's defense. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (issue preclusion applies where "an

issue of fact or law [was] actually litigated and resolved in a valid court determination essential to the prior judgment"). The 2006 Opinion explicitly preserved Lucky Brand's right to assert res judicata based on Section 8(e) in the future, and therefore did not have preclusive effect.

Finally, Marcel argues that the Final Order and Judgment is res judicata as to Lucky Brand's liability for the conduct alleged in the SAC, and precludes reliance on the earlier Settlement Agreement. Marcel relies on the finding in the Final Order and Judgment, copied verbatim from the jury's verdict, that Lucky Brand had infringed the GET LUCKY mark "by using GET LUCKY, the LUCKY BRAND trademarks, and any other trademarks including the word 'Lucky' after May 2003." (Final Order and Judgment, at ¶ 5.)

Marcel's argument "depends on the formulation of a question on the Verdict Form submitted to the jury in the 2005 Action, which the court later replicated in formulating its Final Order and Judgment." Marcel Fashions Grp., Inc., 779 F.3d at 111. As the Second Circuit noted, the jury's verdict "did not necessarily mean" that each of the LUCKY BRAND Marks infringed Marcel's GET LUCKY mark. Id. at 112.

The Final Order and Judgment is not preclusive of Lucky Brand's defense based on the Settlement Agreement. Issue preclusion does not apply, because the applicability of the Settlement Agreement's release provision was not actually litigated and resolved in the 2005 Action. Claim preclusion does not apply because Lucky Brand is not asserting a claim against Marcel. Rather, Lucky Brand argues that Marcel has released the claim it is asserting here, insofar as it is based on pre-2003 marks and combinations or derivatives thereof, which are plainly covered by the Settlement Agreement's release provision. Lucky Brand's failure to press this defense in the 2005 litigation does not vitiate it here, as the Settlement Agreement contains an explicit non-waiver provision. (Settlement Agreement ¶ 23 ("[T]he waiver by any party of

any breach of any provision of this Agreement shall not be construed to be a waiver of such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.").)

Marcel's argument that the Settlement Agreement was abrogated by Lucky Brand's breach of the covenant not to use the GET LUCKY mark is also unavailing. The Settlement Agreement provides that it is to be construed under Florida law. (Settlement Agreement ¶ 23.) It is black letter law that the breach of a contract does not automatically rescind the contract, but rather permits the non-breaching party to either seek to rescind the contract or obtain damages based on the breach. Hyman v. Cohen, 73 So. 2d 393, 397 (Fla. Sup. Ct. 1954) (en banc). "Under Florida law rescission is a harsh remedy which lies within the sound discretion of the court and is not available as a matter of right." Gov't of Aruba v. Sanchez, 216 F. Supp. 2d 1320, 1365 (S.D. Fla. 2002). Florida courts have required a showing of "fraud, mistake, undue influence, multiplicity of suits, cloud on title, trust, or some other independent ground for equitable interference" before rescission may be granted. AVVA-BC, LLC v. Amiel, 25 So. 3d 7, 11 (Fla. Dist. Ct. App. 3d Dist. 2009). There is no evidence of any such equitable basis for rescission of the Settlement Agreement here, nor has Marcel ever even made an application for rescission of the Settlement Agreement. In any event, the party seeking rescission must demonstrate that it promptly and consistently disavowed the contract. Id. Marcel has not done so; indeed, Marcel affirmatively argues for the continued enforceability of certain provisions of the Settlement Agreement. (Docket entry no. 160 (Pl.'s Mem. of Law in Opposition), p. 6.) Under these circumstances, there is no basis under Florida law to conclude that the Settlement Agreement has been abrogated or rescinded.

Because the plain terms of the Settlement Agreement bar all of Marcel's claims

relating to the pre-2003 marks covered by the Settlement Agreement, the SAC fails to state a claim as to any of those marks. The SAC's allegations relating to unspecified and unidentified Lucky Brand marks that are "equally offensive and similarly infringing derivatives, variations, and colorable imitations" are not pled with sufficient specificity to be plausible. Twombly, 550 U.S. at 555, 570. Accordingly, the SAC is dismissed.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the SAC is granted. Plaintiffs may move for permission to file a Third Amended Complaint by **January 9, 2017**, which motion must comply with the relevant federal and local rules and be accompanied by (1) a proposed Third Amended Complaint, and (2) a blackline of the proposed Third Amended Complaint showing the changes made from the Second Amended Complaint. If no timely motion is filed, or if the motion is denied, the dismissal of the Second Amended Complaint will be with prejudice and judgment will be entered in Defendants' favor without further advance notice.

This Memorandum Opinion and Order resolves docket entry no. 156.

SO ORDERED.

Dated: New York, New York
         December 22, 2016

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge